No. 51.—WILLIAM J. RUSSELL, plaintiff in error, *vs*. EUSEBIUS SLAYTON, defendant in error.

[1.] The Superior Court has authority to order its Sheriff to dispossess a claimant who is in possession of land, the title and right of present possession to which has been determined against him, upon trial of an issue formed under our claim laws, and judgment entered directing the same to be sold; and to put the purchaser into possession thereof.

Motion, in Fayette Superior Court. Decision by Judge O. WARNER, September Term, 1854.

A *fi. fa.* in favor of Thomas M. Jones *vs*. J. T. and J. W. Davis, was levied on a tract of land, to which Eusebius Slayton interposed a claim. The land was found subject, and the Sheriff ordered to sell. At the sale, William J. Russell became the purchaser. The present motion was for an order to the Sheriff, requiring to dispossess the claimant and put the purchaser in possession. The Court granted the order, and Counsel for Slayton excepted—1st. Because there was no notice to Slayton of the application for this order. 2nd. Because the Court had no authority to grant the order.

HINES & CONNER, for plaintiff in error.

No appearance for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] Certain Acts of the Legislature have been cited by the Counsel for the plaintiff in error, as influencing this question.

Reference has been made to the Act of 1808, which makes it the duty of the Sheriff to leave a written notice with the owner, when he levies on land. Also to the Act of 1811, which prohibits the ordering or issuing of writs of possession by the Judge of the Superior Court, against third persons, provided such third persons shall not be known in the suit on which execution is founded, nor have been put in possession, nor claim under any conveyance from the defendant. The Act of 1823 was also referred to, which requires the Sheriff or Coroner to put the purchaser of real estate in possession, (without order) but forbids his turning out any other person than the defendant in execution, his heirs or tenants, if such other person were in at the rendition of the judgment.

It is plain, that neither of these Acts apply to the case of a claimant in possession of land, which, in an issue formed under our claim laws, to which he was a party, has been found subject to the *fi. fa.* as against him; and whom it is proposed to dispossess by order of Court. Two of these Acts show, however, that while the Legislature has been cautious, and has required Courts and ministerial officers to be so, in dispossessing persons whose titles to land have not been tried; yet, it has exercised equal care and caution in avoiding any interference with the right to deprive those of possession, whose rights have been tried. The *proviso*, for example, of the Act of 1811 is, "that such person" (the third person who it declares is not to be dispossessed,) "shall not be known in the suit on which execution is founded, nor have been put in possession by, or claimed under or by virtue of any conveyance from the defendant in such suit."

Nor is there any other Statute in our State, which has prescribed the method of enforcing judgment in cases decided against claimants to real estate, determined against them under our claim laws, who are in possession, and who continue to hold possession thereof.

The question must therefore be determined upon the general principles of the Common Law, and of practice; and especially upon the principle, that the Courts have all power necessary to carry their legal judgments into complete effect. They accordingly have authority to carry their judgment in claim cases into effect.

The judgment in claim cases, after condemnation of the property where the claim is general, and the condemnation by verdict is general, is, that the Sheriff do proceed to sell, &c. as against the rights of the claimant of course.   The verdict is against him, and it has determined the title against him; and the judgment is, in effect, that as against this title, the Sheriff do proceed to sell.   In a case like that at bar, the judgment is against the right to possess *presently*, and the sale is of that right.   Complete effect can be given to the judgment, in such a case, only by placing the purchaser in possession.   This delivery of the property is the consummation of the sale.   If it were personal property, it would be delivered at the place of sale, in order to make the sale complete.

This practice is in accordance with the spirit of the Acts of 1811 and 1823, which sanction the propriety of the Court's dispossessing, not only the defendant in execution, but all his tenants and privies.   Why?   Because their right and title have been considered and adjudged.

So have those of the claimant.

Let the judgment be affirmed.