Dickerson vs. Powell.

No. 24.—ROGER Q. DICKERSON, plaintiff in error, *vs.* KEDAR POWELL, defendant in error.

[1.] A judgment of foreclosure of real estate, that the mortgagee do recover of the mortgagor so much (naming the several sums,) for his principal, interest and costs; that the equity of redemption in and to the mortgaged premises, be forever barred and foreclosed, "and that such other proceedings be had, as are pointed out in the statute, in such case made and provided," is sufficient.

[2.] Where the identical title in ejectment, has been decided in a claim case, between the same parties, it is an estoppel.

*Ejectment*, in Baker Superior Court. Tried before Judge ALLEN, at November Term, 1856.

This was an action of ejectment by Kedar Powell against

Roger Q. Dickerson, for the recovery of two lots of land, numbers 278 and 279, in Baker county.

Plaintiff introduced in evidence a grant from the State and a regular chain of title of both lots, down to Joseph B. Shores. A mortgage from Shores to himself, dated the first August, 1840. The judgment foreclosing said mortgage, the levy on said lots under the mortgage *fi. fa.,* the sale thereof by the Sheriff, and the Sheriff's deed to him, dated the fifth September, 1843. He proved defendant's possession of the premises, and the value of the rent, and closed.

Defendant offered in evidence a deed from Joseph B. Shores to Philip P. Clayton, dated thirtieth January, 1841, also a mortgage of the premises from Clayton to himself, dated twenty-seventh October, 1841, and the rule *nisi* and absolute foreclosing said mortgage.

To the admission of which last, plaintiff objected, on the ground that said rule absolute was a general judgment against said Clayton, and not against the mortgaged premises, and contained no order to sell and was therefore a nullity. The Court sustained the objection, and defendant excepted.

Defendant then offered said rule as a part of his color of title, and it was admitted for that purpose alone.

It was then admitted that the mortgage *fi. fa.* in the case of Dickerson *vs.* Clayton, was levied on lot number 279; and defendant offered a deed of said lot from the Sheriff of Baker county dated fifth December 1848, and reciting that said lot was sold under the *fi. fa.* of Dickerson *vs.* Clayton. The Court only allowed said deed to be introduced to show color of title to which defendant excepted.

*Philip P. Clayton* testified, that he was the owner of the two lots in controversy in 1841, and purchased them from Joseph B. Shores, knew of the mortgage to Powell about the time he purchased, and told Shores that he must take it up, which he did, and delivered the same to witness, before he paid him for the lots, and after witness purchased them, he executed a mortgage thereon to Dickerson, and knows noth-

ing more of said mortgage. Knows nothing of the claim interposed, nor was Mercer the agent of witness in attending to said claim.

Defendant then offered in evidence the record and judgment in a claim case tried at December Term, 1847, of Baker Superior Court, wherein Roger Q. Dickerson was plaintiff in mortgage *fi. fa.*, Philip P. Clayton, defendant, and Kedar Powell claimant, for lots number 278 and 279, and the verdict finding the property subject to said *fi. fa.*, and the refusal of the Court to grant a new trial; to the introduction of which record, plaintiff objected, on the ground that as the judgment of foreclosure of said mortgage was a nullity, the judgment in the claim case predicated thereon was likewise null and void. The Court sustained the objection, and rejected the testimony, to which defendant excepted.

Defendant then proved that Joseph B. Shores was a witness in said claim case, and being dead, offered a brief of the evidence taken and filed in said case, for the purpose of proving what said Shores testified to on the trial; his written depositions were not in office, but lost; plaintiff objected to the introduction of said brief; the Court sustained the objection, and defendant excepted. But the Court admitted the record of said claim case for the purpose of showing that there had been an issue upon the same subject matter between the same parties, with a view to prove *aliunde* that Shores was a witness and what he testified to on said issue.

Defendant's counsel requested the Court to charge the jury:

That if they believe from the evidence that Powell delivered up his mortgage to Shores, to enable him to make a title to Clayton, it is such an act as estops Powell from setting up a claim or title to the land under his mortgage, against Clayton or his privies, and that he is not entitled to recover in this action.

Which charge the Court refused to give, but charged the

jury, that it required an instrument in writing of as high dignity to discharge or release a mortgage as the mortgage itself: that the lien and vitality of a mortgage depended upon the debt it was made to secure, and that must be paid or given up in order to discharge the mortgage lien.

To all of which charge, and refusal to charge, defendant's counsel excepted.

The jury found for the plaintiff.

And defendant by his counsel, assigns error on all the rulings, decisions, and charges and refusals to charge, above excepted to.

VASON; CLARK, for plaintiff in error.

LYON & SIMS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This case depends upon the validity of the rule absolute, at the instance of Dickerson against Clayton, in Baker Superior Court, December Term, 1853. It recites that the defendant had failed to pay into Court the principal and interest due upon the mortgage debt, or to show any cause, why the equity of redemption in and to the mortgaged premises should not be forever barred and foreclosed. And therefore, it was "ordered and adjudged by the Court that the plaintiff do have and recover of the defendant the sum of three thousand five hundred and fifty one dollars principal, the sum of five hundred and twenty-nine dollars and sixteen cents interest, and the sum of five dollars twenty-five cents costs, and that the equity of redemption of the defendant in and to lots of land number 279 and 280, of the 11th district of originally Early now Baker county,"—and divers other lots therein mentioned, "together with all the rights thereof, from thenceforth be barred and foreclosed, and such

other proceedings be had, *as are pointed out in the statute,* in such case made and provided."

Is not this substantially a decree for the sale of lands set forth in the rule? The amount of the debt is specified; the equity of redemption foreclosed. The statute proceeds, that "the Court shall give judgment for the amount which may be due on' such mortgage, and order the property to be sold in such manner as is prescribed in cases of execution. *Cobb* 570, 571. In ordering, therefore, such other proceedings to be had, as are pointed out by the statute, the Court did in effect order the property to be sold in such manner as is prescribed in cases of execution.

Knowing as we do, that this form of foreclosure has been quite common in the State, we should hesitate to declare it void, and thus shake the foundation to the title of a large amount of property.

Conceding that there was irregularity in the foreclosure, still according to the opinion of this Court, in Harford's case, decided at Savannah, January 1856, it would not be void, and consequently could not be collaterally attacked.

[2.] When the mortgage *fi. fa.* issuing on the foreclosure we have just been considering, was levied on the land, the subject matter of the present ejectment, it was claimed by Kedar Powell, and, upon the trial of the claim involving the identicle title now in dispute, the same was found by the jury and adjudged by the Court, to be subject to the mortgage execution, and not the property of Powell. We hold that Powell is concluded by this judgment. It involved not only the same property, but was between the same parties, to-wit: Dickerson on the one part as plaintiff in *fi. fa.*, and Powell on the other. Powell is clearly estopped by it; and this view of the subject must settle the litigation between the parties and supersede the necessity of considering any other questions made by the bill of exceptions.

Judgment reversed.