Rival *vs.* Gallagher.

----

JULES RIVAL, plaintiff in error, *vs.* EDWARD F. GALLAGHER, defendant in error.

When, after a verdict in a claim case finding certain real estate subject to a mortgage, the property was sold to satisfy the mortgage *fi. fa.*, it is the duty of the sheriff to put the purchaser in possession. And to do so he may turn out the claimant and his lessees or tenants, and this even though said claimant was a purchaser from the mortgagor before *judgment* of foreclosure.

Claim. Mortgage. Sheriff. Possession. Before Judge GIBSON. Richmond Superior Court. April Term, 1873.

Rival brought case against Gallagher for removing him and his goods, wares and merchandise, from a certain store-room and premises in the city of Augusta. The defendant pleaded the general issue. The errors complained of will sufficiently appear from the motion for a new trial. The jury found for the defendant. The plaintiff moved for a new trial upon the following grounds:

Rival *vs.* Gallagher.

1st. Because the court erred in refusing to charge the jury, as follows: "A sheriff has no authority to put a purchaser of real estate at a sheriff's sale in possession, if to do so, it is necessary to turn out a purchaser from the defendant in execution whose title is anterior to the date of the judgment, even though it be true that for some reason the judgment was a lien anterior to its date, so that the purchaser gets a good title. If you believe from the evidence that the title of the plaintiff is anterior to the date of the judgment of foreclosure, the sheriff had no authority to put the purchaser in possession, if to do so, it was necessary to turn out the plaintiff, and if he did so under the instruction of the defendant, the latter is liable."

The court charged the first sentence of this request and refused the last.

2d. Because the court erred in charging as follows: "If Rival was a lessee under Guerin who, before that time, had mortgaged the premises, he got only what Guerin had, and the sheriff had the right to turn him out. The date of the mortgage foreclosure relates back to the date of the mortgage, and if Rival held under a lease dated subsequently to the date of the mortgage, the sheriff had a right to turn him out."

The motion was overruled and plaintiff excepted.

JOSEPH P. CARR; J. C. C. BLACK, by brief, for plaintiff in error.

BARNES & CUMMING, by brief, for defendant.

McCAY, Judge.

The judgment in the claim case that the land sold under the mortgage *fi. fa.* was subject to it as against Raoult and his tenants, was conclusive that they had nothing in it superior to the title obtained by Mr. Gallagher at the sheriff's sale. It has always been the rule in Georgia that whilst a claimant is not obliged to claim, yet if he does do so, and the land be found subject, he cannot afterwards insist on his title;

Fishel *vs.* Ireland.

the judgment is an estoppel upon him. Unless this be so, the whole proceedings in the claim case are nugatory. The purchaser stands as a privy to the plaintiff in execution, and has bought his rights. The present plaintiff is a tenant of Guerin, and must take his fate. His possession is that of Guerin. The facts show that both of them held avowedly subject to this mortgage. This case does not, therefore, bring up the point insisted on in the argument, though we incline to think that as a purchaser from the mortgagor with notice buys only the equity of redemption, and *has a right to redeem*, that he stands in the mortgagor's shoes, and cannot resist the right of the purchaser to be put in possession any more than could the mortgagor. The case in 45 *Georgia*, 203, stands on a different footing. The right of plaintiff who has got a judgment on an appeal to go upon property sold by the defendant after the first judgment, is peculiar. The statute, in terms, declares that the property shall not be *bound* by the first judgment, except that the defendant cannot alienate it. The sale is under the second judgment. That, for certain purposes, it will operate so as to treat land sold by the defendant since the first judgment as still his, even in the hands of a purchaser for value without notice, does not alter the fact that it is sold under the second judgment. Besides, the judgment of foreclosure is not a judgment against the defendant. It is a *quasi* proceeding *in rem.* to assert against the mortgagor, and all claiming under him subsequent to the record, or having actual notice, the lien of the mortgage on the land.

Judgment affirmed.