ISAAC WINSHIP, plaintiff in error, *vs.* WILLIAM R. PHILLIPS, defendant in error.

It is a legal and proper defense in a claim case, for the claimant to show that the execution is paid off, or that the plaintiff has, in any way, lost his lien on the property in dispute, and a judgment of a proper court, declaring land subject to a *fi. fa.*, is conclusive between the parties, as to all matters which were, or under the law might have been, set up to show the property not subject,

Injunction. Claim. Judgments. Before Judge HOPKINS. Fulton county. At Chambers. March 30th, 1875.

Winship filed his bill against Phillips for the purpose of enjoining the sale of certain lands which he had purchased from one John H. Lovejoy, under executions against the latter of older date than the sale to complainant. He alleged facts tending to show that said *fi. fas.* were satisfied. Admitted that upon the trial of a claim filed to the property by him, the lands had been found subject, but claimed that his bill alleged new facts which were then unknown to him.

The answer of the defendant set up that all the questions made by the bill, with one exception, were passed upon on the trial of the claim, and that such new matter could have been then presented, as the facts were all known to the complainant; that the judgment of the superior court in the claim case was affirmed by the supreme court: See 52d *Georgia Reports*, 593.

The injunction was refused, and complainant excepted.

PEEPLES & HOWELL, for plaintiff in error.

J. BRANHAM; A. B. CULBERSON; P. L. MYNATT, for defendant.

McCAY, Judge.

We are clear that on the trial of a claim case, under our statute, it was, even before the enlargement of the equity powers of the superior court, competent for the claimant to set up any reason, whether at law or equity, why the prop-

erty was not subject to the levy. The form of the issue is, as tendered and joined under the practice—"is the property subject, or not?" This opens the door widely to anything that the issue covers. It is evident, too, that the very issue made by this bill was made on the claim case. The record shows this to be true. Now whatever may be the true rule as to equitable defenses being barred because not set up at law, it is clearly the case, that as, under our law, they may be set up, if they be in fact set up, the judgment is conclusive. So long as the judgment stands it is a bar. If there was surprise, mistake, or if there be new evidence which the party has got, and he was duly diligent and without fault, equity will set aside a verdict so rendered, and grant a new trial. But the verdict is conclusive while it stands, and other courts, nay the same court, in a collateral proceeding, will not allow it to be questioned. Obviously the whole intent of this bill filed in Fulton county is to avoid the effect of the verdict in Floyd finding this property subject. We are not prepared te say there may not be some equitable rights, according to the charges in the bill against Phillip's *fi. fas.*, but we are constrained to say that, in our judgment, the verdict on the claim, case covers them. If the claimant set up this same defense, and it appears that he did, he cannot in this way get relief from his failure to produce all the evidence he now says he has, unless he shows that he could not have got it by proper diligence, and even then his redress, as we have said, is at the court which gave the judgment, or by a direct proceeding. The same view practically controls the case made as to the other judgments. If they are levied, the claimant may file his claim affidavit and on that trial he may make any issue he now offers to make The court trying the claim can notice any right a court of equity can do. If the claimant can show that the execution controlled by Phillips is paid off, or that Philips has lost his lien by failing to get his money out of the proceeds of the bankrupt sales, or that he has got, or is chargeable with it. He, the claimant, has a right so to do.

Judgment affirmed.