## COSNAHAN v. JOHNSTON.

Where to the levy of a mortgage fi. fa. upon land the defendant in fi. fa.,
  as head of a family, filed a claim to the same upon the ground that it was
  exempt from the lien of the fi. fa. as homestead property, and where on
  the trial of that issue a verdict was rendered finding the property sub-

ject and an order granted by the court directing the fi. fa. to proceed; *held*, that a purchaser of the land at sheriff's sale acquired a good title as against the homestead rights set up in the claim case by the defendant. This is true notwithstanding after such sale the husband may have duly established lost papers in the court of ordinary, showing the existence of such homestead right before the mortgage was given.

Argued June 1, — Decided July 21, 1899.

Complaint for land.    Before Judge Callaway.    Burke superior court.    October term, 1898.

*F. W. Capers*, by *W. T. Davidson*, for plaintiff.
*J. R. Lamar*, for defendant.

SIMMONS, C. J.    It appears from the record in this case that Cosnahan, in 1878, had a homestead set apart to him as the head of a family, for his wife and minor children, in certain lands in Burke county.    The homestead papers appear never to have been recorded, and to have been lost.    In 1883 Cosnahan executed to C. A. Rowland a note secured by a mortgage on this tract of land.    The mortgagee transferred the note and mortgage, before due, to R. C. Rowland, administrator, who foreclosed the mortgage on the land.    Execution was issued, and it was levied by the sheriff.    Cosnahan, as head of a family, filed a claim in which he set up that the land had been set apart to him as a homestead prior to the execution of the mortgage, and was, therefore, not subject to levy and sale.    It seems from the record that Cosnahan established the lost "homestead papers," pending the trial of this claim case, but had not given to the plaintiff in fi. fa. any notice of his motion to establish the papers.    On the trial of the claim case the jury returned a verdict finding the land subject, and the execution, by a judgment of the court, was ordered to proceed. Cosnahan made a motion for a new trial, which was overruled. He excepted, and brought the case to this court, where the judgment was affirmed, the court holding that the establishment of the lost papers was not binding upon the plaintiff in execution, as no notice was given him of the motion to establish, the latter being made pending the claim case.    See *Cosnahan* v. *Rowland*, 99 *Ga.* 285.    The land was sold under the fi. fa., and purchased by Johnston, the defendant in error here.

Subsequently Cosnahan moved in the court of ordinary to re-establish the "homestead papers," and gave notice of his motion to C. A. Rowland, the original holder of the note and mortgage, and also claims to have served R. C. Rowland, who was a non-resident, by leaving a copy of the motion at the house of Johnston, who had represented him as his attorney in the claim case. The ordinary granted the motion to re-establish; whereupon Cosnahan brought an action of ejectment against Johnston to recover the land. Johnston in defense filed a plea of res judicata, and certain pleas to the merits of the cause. After hearing the evidence and argument, the court directed a verdict for the defendant.

There were various exceptions taken in the record to the admission and exclusion of evidence, but the view we take of the case renders it unnecessary to pass upon them. Cosnahan had in the claim case litigated with the mortgage creditor the identical question he now makes, and it was then decided that the land was subject to the mortgage fi. fa. The judgment of the court in the claim case was excepted to by Cosnahan and brought to this court, where it was affirmed. The land was sold under the judgment and purchased by Johnston. When the land was first levied upon by virtue of the mortgage fi. fa., Cosnahan was not compelled to file a claim as the head of a family to protect his homestead rights; but inasmuch as he did so and the title to the property was adjudicated to be in him as an individual and therefore subject to the mortgage lien as against his claim of homestead, he is estopped to again litigate the same question in this action of ejectment. The court below decided that the homestead claims were not good as against the lien of the mortgage, and that decision was affirmed by this court. It was Cosnahan's fault that in the establishment of the homestead papers he failed to give proper notice. He can not now, in our opinion, go through the form of re-establishing the papers and litigate the same question with the purchaser at the sheriff's sale. He is concluded by the judgment on every issue which he made or could have made in the claim case. Judgments are conclusive between parties and their privies. In the case of *Rival* v. *Gallagher*, 52 *Ga.* 630, in dis-

cussing the conclusiveness of judgments in a case where a mortgage had been foreclosed, a claim filed, and the property found subject, and purchased at the sheriff's sale by a third party, McCay, J., said : "The purchaser stands as a privy to the plaintiff in execution, and has bought his rights." Johnston, being under this decision a privy of Rowland, the plaintiff in execution, could treat the former judgment between Rowland and Cosnahan as an estoppel against the latter as head of the family. See also *Webster* v. *Dundee Co.*, 93 *Ga.* 278 (2); *Winship* v. *Phillips*, 54 *Ga.* 237 ; *Dickerson* v. *Powell*, 21 *Ga.* 143; *Russell* v. *Slayton*, 17 *Ga.* 277. If this were not so, the adjudication of a claim case would be entirely nugatory. The plaintiff in fi. fa. might levy upon property as that of the defendant, a claim be interposed by a third party, and the property found subject and sold to a bona fide purchaser ; and the claimant, granting as sound the contentions of the plaintiff in error in the present case, could then bring suit against the purchaser and recover under the same title which he had sought to set up in the claim case. The title obtained by a purchaser at a sheriff's sale in cases where there had been a claim filed would amount to no more than where no such claim had been filed. We think it clear that in a case like the one now under consideration the judgment rendered in the claim case is conclusive, and binds the claimant as against the purchaser at the sheriff's sale under the execution.

*Judgment affirmed.    All the Justices concurring.*