## 59031. SCHOEN et al. v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA.

BIRDSONG, Judge.

Plea in abatement. Home Federal Savings & Loan Assn. filed a dispossessory proceeding against the Schoens in DeKalb State Court, to which the Schoens filed a plea in abatement based upon an action pending in Fulton Superior Court. The sole question on appeal is whether the DeKalb court erred in overruling the Schoens' plea in abatement. We conclude that it did.

In the prior pending Fulton Superior Court action the Schoens seek to quiet title and retain possession of their home lot in DeKalb County, as against Home Federal and others. It is there alleged that the Schoens purchased the property in 1963, and in 1977, sought refinancing from two individuals named Minter and Fiala, and their companies. The Schoens executed a warranty deed to Minter Financial Services, but they allege that the transfer was intended to be security for the refinancing loan obtained from Minter Financial Services and that it was agreed the property would be deeded back to the Schoens. A few months later, the Schoens, while continuing to live in the house and make payments to Minter under the refinancing agreement, discovered that Minter had conveyed the property to a person wholly unknown to the Schoens, named Robert O. Smith. Smith had in turn executed a deed to secure debt to Federated Financial Mortgage Corp. in September, 1977, which deed was assigned to Home Federal. Apparently, Robert O. Smith made no payments to Home Federal and became in default. On July 3, 1978, the Schoens filed suit in Fulton Superior Court against Home Federal, Federated Financial Mortgage Corp., Minter, Fiala, Minter Financial Services, Defco, Inc., and Robert O. Smith. They alleged fraud, cheating and swindling, and bad faith against Minter, Fiala and Smith; they seek damages, and the cancellation of their warranty deed to Minter Financial Services and of the deed to secure debt from Robert O. Smith, which was assigned to Home Federal. On the day they filed the action in Fulton Superior Court, the Schoens obtained a court order restraining and enjoining Home Federal from proceeding in foreclosure against Robert O. Smith. This injunction was later dissolved, it being conceded by the Schoens that Robert O. Smith was in default on his apparent financial obligation to Home Federal. Home Federal foreclosed, purchased Smith's alleged interest in the property at its sale under

power, and in March, 1979, filed the dispossessory proceedings in DeKalb State Court, against the Schoens as tenants holding "without right, title and interest," and as tenants at sufferance.

In seeking to abate the dispossessory proceedings, the Schoens offered the record in the Fulton County action. In overruling the plea, the DeKalb court as a court of law, not equity, declined to consider the record in the Fulton County action but limited its consideration to the Smith documents which on their face give title to Home Federal Savings & Loan, to the demand for possession made by Home Federal, and to the fact that the Schoens "are and were in possession of the subject real estate." It was error for the court to so limit its consideration because the Schoens pleaded no substantive equitable defense to the dispossessory proceeding in DeKalb State Court, but instead asserted the pendency of the other suit which, if it had the effect of settling the issues of title and possession, would as a matter of law under Code § 3-607 abate the dispossessory proceeding. The trial court queried why the Schoens did not move in the Fulton Superior Court to enjoin the DeKalb State Court proceedings (see, e.g., *Coffey Enterprises Realty &c. Co. v. Holmes,* 233 Ga. 937 (213 SE2d 882)), but it is apparent that the plea in abatement under Code § 3-607 in the DeKalb State Court was offered by the Schoens as their adequate remedy at law; and though seemingly circuitous, it was well chosen, for it avoids petitioning the Fulton Superior Court to do in equity what the DeKalb Court already had jurisdiction to do at law (see *Flynn v. Merck,* 204 Ga. 420, 423 (49 SE2d 892)).

In defense of the DeKalb State Court's denial of the Schoens' plea, appellee Home Federal asserts that Code § 3-607 provides for abatement of an action because of a prior pending action, only where the two actions are "for the same cause of action," and that identical causes of action are not presented by the two suits. We reject this contention. The requirement that the two cases be of "the same cause of action" is founded on the doctrine that "no one should be twice harassed, if it appear to the Court that it is *for one and the same cause.*" (Emphasis supplied.) *Rogers v. Hoskins,* 15 Ga. 270, 273. To that end, a too technical reading of the provision regarding "the same cause of action, between the same parties" would be ill-conceived. (See, *Rogers,* supra, p. 273.) The plea in abatement has been held good even where the causes of action are, technically speaking, legally disparate and rest in opposite parties, if they arise out of the same transaction and if the second suit would resolve the same issues as the first pending suit and would therefore be "unnecessary, and consequently oppressive." See *Hood v. Cooledge,*

39 Ga. App. 476, 479 (147 SE 426); *Rogers,* supra, p. 274. A *judgment* in a prior suit adjudicating the legal or equitable title to the same land will estop a later inconsistent suit in ejectment among the same parties (*Dickerson v. Powell,* 21 Ga. 143); or a later dispossessory proceeding (*Garrick v. Tidwell,* 151 Ga. 294 (106 SE 551); *Allen v. Allen,* 154 Ga. 581, 587 (115 SE 17)); or other suit touching the right to entitlement between the parties (*Cosnahan v. Johnston,* 108 Ga. 235, 237-238 (33 SE 847)). So, for the same reasons, a pending suit "for the same property" will, on a plea in abatement, bar a later inconsistent action in ejectment, *Citizens & Contractors Bank v. Johnson,* 175 Ga. 559, 560 (165 SE 579).

It was held in *Coffey,* supra, a case very similar on its facts to the one before us that the Cobb Superior Court did not err in enjoining dispossessory proceedings in the Cobb State Court, because each action involved a dispute as to possession of the same land and arose out of the same transaction and occurrence. In that case, it was held that Coffey was required by Code § 81A-113(a) to raise the issue of its right to possession in the superior court action filed by Holmes. The premise of that holding is the same as in each of the cases just cited (*Dickerson, Allen, Cosnahan,* and *Citizens & Contractors Bank*), which is that the determination of entitlement to the land in the first action will necessarily dispose of the issue of entitlement in the second action, since both touch on the same land and are between the same parties. It is urged however, that in the case sub judice the issue in the DeKalb dispossessory proceeding is as to Home Federal's right to possession following its purchase of the property at its own sale under power after Robert O. Smith's default, which is said to be a different matter entirely from the issues in the Fulton County action. This argument is specious; in the pending action the Schoens seek *title and possession,* as against Home Federal, of the same property of which Home Federal seeks *title and possession* as against the Schoens in the dispossessory proceeding. "While there [is] some difference in the character of the title alleged [in each action] . . . this [is] not a substantial variance, the former suit being sufficiently broad to comprehend all the relief sought in the latter." *Eppinger v. Seagraves,* 141 Ga. 639, 640 (81 SE 1035).

The Schoens contend, in their action in Fulton Superior Court, that they have been in open, notorious, and continuous possession of the property since 1963, and that while accepting a deed to secure debt from Robert O. Smith, neither Home Federal nor Federated Financial Mortgage Corp. ever inquired as to the Schoens' title; that their possession of the property was notice of their claim to

ownership, and that the sale of the real estate where they, the grantors to Smith's grantor, remained in possession is a "signal flag" for fraud. "'Possession retained by the vendor, after an absolute sale of real or personal property, is prima facie evidence of fraud, which may be explained, and after the possession is proven, the [burden] of explaining it rests upon those who claim under the sale.'" *Perimeter Dev. Corp. v. Haynes,* 234 Ga. 437, 438 (216 SE2d 581). Home Federal clearly had notice of the Schoens' claim before Home Federal foreclosed and purchased the property at its own sale (see *Coffey,* supra, pp. 939-940). If the Schoens win their case in Fulton Superior Court, the judgment will be a bar to any dispossessory proceedings against the Schoens. It is manifest, therefore, that the state court action involves the same cause of action as that in the Fulton Superior Court. The "cause of action" in each suit is title and possession of the same land, as against the other party. The dispossessory proceedings should have been abated pending the final determination of the action in Fulton Superior Court.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED MARCH 5, 1980 — REHEARING DENIED MARCH 20, 1980 —

*Fred A. Gilbert, Leonard S. Luckett,* for appellants.
*Paul Oliver, Jefferson D. Kirby, III,* for appellee.