A93A1168. ATLANTA AIRMOTIVE, INC. v. NEWNAN-COWETA AIRPORT AUTHORITY.
(432 SE2d 571)

BLACKBURN, Judge.

The Coweta County Superior Court denied Atlanta Airmotive's plea in abatement and motion to dismiss and this court granted Atlanta Airmotive's interlocutory appeal. On August 28, 1992, Atlanta Airmotive filed a civil action in Coweta County against Newnan-Coweta Airport Authority (the Airport Authority) and others. On October 27, 1992, the Airport Authority filed this dispossessory action against Atlanta Airmotive. Both actions arise out of a dispute regarding compliance with the terms of a lease executed between Atlanta Airmotive and the Airport Authority on April 6, 1972. The lease expires, by its terms, on April 10, 1997.

Atlanta Airmotive's action sought a declaration of the respective rights and responsibilities of the parties to the lease. Atlanta Airmotive asserted that the Airport Authority was not entitled to demand termination of its leasehold interest. Atlanta Airmotive claimed damages, actual and punitive, due to the Airport Authority's alleged malicious interference with Atlanta Airmotive's business. Additionally, Atlanta Airmotive requested that the Airport Authority be restrained from instituting any action adverse to its interests and moved for an injunction to be issued to such effect. The motion for injunctive relief was denied by the trial court's order on September 10, 1992. Thereafter, the Airport Authority filed this action for dispossessory alleging that Atlanta Airmotive was a tenant holding possession of the premises beyond the term for which it was rented.

1. On appeal, Atlanta Airmotive asserts that the trial court erred in denying its plea in abatement and motion to dismiss. Atlanta Airmotive argues that OCGA § 9-2-44 (a) requires the dismissal of the Airport Authority's action because it raises the same issues as Atlanta Airmotive's previously filed action. OCGA § 9-2-44 (a) provides, in part, that "the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement."

"The requirement that the two cases be of 'the same cause of action' is founded on the doctrine that 'no one should be twice harassed, if it appear to the Court that it is *for one and the same cause*.' (Emphasis supplied.) [Cit.]" *Schoen v. Home Federal &c. Assn.*, 154 Ga. App. 68, 69 (267 SE2d 466) (1980). "The plea in abate-

ment has been held good even where the causes of action are, technically speaking, legally disparate and rest in opposite parties, if they arise out of the same transaction and if the second suit would resolve the same issues as the first pending suit and would therefore be 'unnecessary, and consequently oppressive.' [Cits.]" Id. Compare with *Williams-East, Inc. v. Weeks,* 156 Ga. App. 861 (275 SE2d 801) (1981) (Suit for declaratory and injunctive relief filed on the same day as dispossessory suit was properly dismissed as complete relief to both parties could be more thoroughly obtained in dispossessory action.).

The Airport Authority emphasizes that the court in *Schoen* stated, "[s]o, for the same reasons, a pending suit 'for the same property' will, on a plea in abatement, bar a later *inconsistent* action in ejectment. . . ." (Emphasis supplied.) Id. at 70. The Airport Authority then argues that its dispossessory action is not a "later inconsistent action" because Atlanta Airmotive's motion for injunction was denied. Basically, Airport Authority concludes that because the trial court (in Atlanta Airmotive's action) determined that an injunction against its future actions was not necessary, its filing of a dispossessory action was somehow judicially approved. This contention is completely without merit. The Airport Authority's dispossessory action is a "later inconsistent action" unless and until Atlanta Airmotive loses its previously filed action.

In granting the Schoens' plea in abatement, we reasoned that "[i]f the Schoens win their case . . . the judgment will be a bar to any dispossessory proceedings against the Schoens. It is manifest, therefore, that the state court action involves the same cause of action as that in the [superior court]. The 'cause of action' in each suit is title and possession of the same land, as against the other party." *Schoen,* 154 Ga. App. at 71. The case sub judice is controlled by our holding in *Schoen,* supra. It is abundantly clear that if Atlanta Airmotive wins its case, the Airport Authority's dispossessory proceeding will be barred. Therefore, the trial court erred in denying Atlanta Airmotive's plea in abatement.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 24, 1993 —
RECONSIDERATION DENIED JUNE 9, 1993

*Fanning & Hudson, Steven E. Fanning,* for appellant.

*Glover & Davis, Asa M. Powell, Jr., Freeman & Hawkins, H. Lane Young II, Robert R. Elarbee,* for appellee.