**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 29, 2013**

# In the Court of Appeals of Georgia

A12A2345. METRO ATLANTA TASK FORCE FOR THE HOMELESS, INC. v. PREMIUM FUNDING SOLUTIONS, LLC.

A12A2346. UNITED WAY OF METROPOLITAN ATLANTA, INC. v. PREMIUM FUNDING SOLUTIONS, LLC.

PHIPPS, Presiding Judge.

We granted the application of Metro Atlanta Task Force for the Homeless, Inc. ("Task Force") for interlocutory review of the trial court's February 9, 2012 order granting a writ of possession to Premium Funding Solutions, LLC ("PFS"). United Way of Metropolitan Atlanta, Inc. filed a cross-appeal from the same order. For the reasons that follow, we reverse the court's judgment in Case No. A12A2345. Because the issues raised in Case No. A12A2346 are rendered moot, that appeal is dismissed.

The Task Force operates a homeless shelter in Atlanta. In May 2010, Ichthus Community Trust filed an action in superior court for temporary and permanent injunctive relief against the Task Force, pertinently alleging that Ichthus owned a security interest in and had foreclosed on the property occupied by the shelter and that the Task Force was wrongfully occupying and denying it access to the property. Ichthus sought in its action access to and the removal of the Task Force from the property. Ichthus also filed a dispossessory action in magistrate court against the Task Force, but in June 2010, that action was stayed, transferred and consolidated with the injunction action, with Ichthus reserving the right to move forward with the dispossessory claim and the Task Force having the right to respond to that claim. In November 2010, Ichthus dismissed the dispossessory action without prejudice, stating that it had been consolidated with the superior court action.

The Task Force thereafter filed an action against multiple defendants, including PFS (to whom Ichthus had transferred title to the property in February 2011). The Task Force asserted therein claims for, inter alia, quiet title, injunctive relief, and damages.

2

In November 2011, the superior court entered what was titled "Order on Discovery and Other Matters." In it, the court granted a discovery motion and directed the parties to appear on December 16, 2011 for an evidentiary hearing on several issues (among them, the state of the facility and the issue of irreparable harm if the facility was closed and the dispossessory was allowed to proceed). On December 7, 2011, the court issued an order continuing "the [December 16] hearing on the dispossessory action and other matters" until February 3, 2012. In this order, the court advised that it "will entertain evidence" regarding issues of irreparable harm, adequate remedies at law, and conditions and services at the facility. At the February 3, 2012 hearing, the court heard argument on various matters, but denied the Task Force's requests to present evidence.

On February 9, 2012, the court entered an order granting a writ of possession to PFS. In the order, the court directed the Task Force, its officers and directors, to vacate the facility by 12:00 p.m. on February 15, 2012, and directed the sheriff to effectuate the removal. The order provided that the homeless men were "entitled to remain at the Property subject to the transition plans of the United Way of Metropolitan Atlanta" (although United Way was not a party to the actions), and that PFS would make "arrangements with the United Way for the United Way or its

designee(s) to manage and operate the Property as a homeless shelter consistent with the terms of this Order through August 31, 2012, or sooner if the current homeless population . . . has been transitioned out of the Property and to other facilities prior to August 31, 2012." Further, the order directed United Way (and others) to pay a court-appointed monitor to report the progress in the case.

1. The Task Force contends that the court erred in granting a writ of possession to PFS because, inter alia, the court failed to follow the procedures required for a dispossessory action. We agree.

"The exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 et seq."[1] The statutory procedures for dispossessing a tenant must be strictly construed and observed.[2] Our review of the trial court's ruling on a legal question is "plain legal error."[3]

---

[1] *Steed v. Fed. Nat. Mtg. Corp.*, 301 Ga. App. 801, 805 (1) (a) (689 SE2d 843) (2009) (citation omitted); *Roberts v. Roberts*, 205 Ga. App. 371, 372 (2) (422 SE2d 253) (1992).

[2] *Skelton v. Hill Aircraft & Leasing Corp.*, 175 Ga. App. 144, 145 (333 SE2d 14) (1985).

[3] *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

In this case, the court did not adhere to the requirements of the dispossessory statute. For instance, the Task Force was entitled to a trial on the issues, which would include taking the testimony of witnesses orally in open court (unless otherwise provided),[4] and proper notice of a trial.[5] But, assuming arguendo that PFS met the affidavit and other requirements for applying for a writ of dispossession, the Task Force did not receive the required trial and notice. Accordingly, the court erred by

---

[4] OCGA § 9-11-43.

[5] See OCGA § 44-7-53 (b); *Cornelius v. Finley*, 202 Ga. App. 192, 193 (1) (413 SE2d 491) (1991) ("The trial notice provisions of OCGA § 9-11-40 and the concern for an expedient resolution of dispossessory actions from OCGA § 44-7-53 merge in the requirement under Uniform State Court Rule 8.3 of 24 hours trial notice in dispossessory cases. If a tenant files an answer in a dispossessory action, as appellant herein did, a trial of the issues shall be had in accordance with the procedure prescribed for civil actions in courts of record. OCGA § 44-7-53 (c). Under Rule 8.3 the state court's trial calendar shall be distributed or published a sufficient period of time, but not less than 20 days, prior to the session of court at which the actions listed thereon are to be tried, except that the trial calendar for dispossessories shall be published at least twenty-four hours in advance of the hearing.") (citation and punctuation omitted); *Whipper v. Kirk*, 156 Ga. App. 218, 221 (1) (274 SE2d 662) (1980); *Queen v. Harrell*, 126 Ga. App. 122, 123 (2) (190 SE2d 160) (1972). Regarding trial calendar and notice in superior court, see Uniform Superior Court Rules 8.3, 8.4.

granting a writ of possession to PFS.[6] Thus, the court's order granting the writ of possession is reversed.

Contrary to PFS's contention, the Task Force preserved the issue. The Task Force challenged below the procedure to summarily dispossess it, asserting for example, that Georgia law did not allow PFS to obtain the relief sought, that there could be no final resolution of possession before the Task Force was provided with a trial on the merits, and that possession could not be modified on an interlocutory basis.

Notably, insofar as the court order purports to limit immediate appellate review to one particular aspect of the order being appealed, it is ineffectual.

> Where an appeal is taken under any provision of subsection (a), (b), or (c) of [OCGA § 5-6-34], all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone.[7]

---

[6] See *Ralls v. E. R. Taylor Auto Co.*, 202 Ga. 107, 109 (42 SE2d 446) (1947) (the summary proceeding provided in Code § 61-303 [OCGA § 44-7-53] is the only lawful manner by which a tenant may be summarily and forcibly evicted).

[7] OCGA § 5-6-34 (d).

2. United Way filed this cross-appeal from the court's February 9, 2012 order, challenging the trial court's order directing it to perform certain acts in connection with the Task Force's dispossession from the property. In light of our holding in Division 1,[8] the issues raised in this appeal are rendered moot. Accordingly, this cross-appeal is dismissed.

*Judgment reversed in Case No. A12A2345. Appeal dismissed in Case No. A12A2346. Ellington, C. J., concurs. Dillard, J., concurs in judgment only.*

---

[8] Supra.