**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**August 10, 2015**

# In the Court of Appeals of Georgia

A15A1399. PREMIUM FUNDING SOLUTIONS, LLC v. METRO
ATLANTA TASK FORCE FOR THE HOMELESS, INC.

MILLER, Judge.

The parties to this action, as well as parties in related suits, have been litigating

questions of title, right to possession, and rent due on the real property located at the

corner of Peachtree and Pine Streets in Atlanta (hereinafter the "Property") for several

years. At least four appeals and five cross-appeals involving the Property are

currently pending in the Supreme Court of Georgia (hereinafter the "Related

Actions").[1]

---

[1] See *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Community Trust et al.*, S15A1021 (March 24, 2015); *Premium Funding Solutions, LLC v. Metro Atlanta Task Force for the Homeless, Inc., et al.*, S15A1028 (March 24, 2015); *Central Atlanta Progress et al. v. Metro Atlanta Task Force for the Homeless, Inc., et al.*, S15A1027 (March 24, 2015); and *Fialkow v. Metro Atlanta Task Force for the Homeless, Inc., et al.*, S15A1029 (March 24, 2015). See also *Central Atlanta*

The present action arose when Premium Funding Solutions, LLC filed a dispossessory complaint against the Metro Atlanta Task Force for the Homeless, Inc. ("MATF") MATF filed a motion to dismiss and plea in abatement, pursuant to OCGA § 9-2-44, contending that this case involves the same parties, the same real property and substantially the same questions as to possession and title to land that are present in the Related Actions which were then pending in the trial court and are now pending on appeal in the Supreme Court of Georgia. Following a hearing, the trial court granted MATF's plea in abatement and stayed this case pending final resolution of the Related Actions. The trial court found that the Related Actions and this case concern the same parties and ownership of the same land, i.e., the Property.

Premium Funding appeals, contending that (1) OCGA § 9-2-44's prior pending action rule is inapplicable because the same causes of action are not at issue in this case and the Related Actions and (2) that the trial court erred in not ordering MATF to pay rent into the court registry. For the reasons that follow, we affirm.

*Progress et al. v. Metro Atlanta Task Force for the Homeless, Inc., et al.*, S15X1022 (March 24, 2015); *Premium Funding Solutions, LLC v. Metro Atlanta Task Force for the Homeless, Inc., et al.*, S15X1023 (March 24, 2015); *Fialkow v. Metro Atlanta Task Force for the Homeless, Inc., et al.*, S15X1024 (March 24, 2015); *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Community Trust et al.*, S15X1030 (March 24, 2015); *Ichthus Community Trust et al. v. Metro Atlanta Task Force for the Homeless, Inc., et al.*, S15X1031 (March 24, 2015).

"When, as here, a question of law is at issue we owe no deference to the trial court's ruling and apply a de novo standard of review." (Citation omitted.) *Artson, LLC v. Hudson*, 322 Ga. App. 859, 860 (747 SE2d 68) (2013).

The record shows that MATF acquired the Property in 1997, and four years later borrowed $900,000 in order to make improvements. The loans were secured by security deeds on the Property. MATF subsequently entered into forbearance and subordination agreements with the lenders and their successors-in-interest who held security interests in the Property.

In January 2010, a Nevada entity known as Ichthus Community Trust purchased MATF's loans and security deeds with money borrowed from Premium Funding. Ichthus initiated foreclosure proceedings and, on May 4, 2010, purchased the Property at the foreclosure sale as the sole bidder.

In May 2010, following the foreclosure sale, Ichthus

> filed an action in superior court for temporary and permanent injunctive relief against the Task Force, pertinently alleging that Ichthus owned a security interest in and had foreclosed on the [P]roperty occupied by the shelter and that [MATF] was wrongfully occupying and denying it access to the [P]roperty. . . . Ichthus also filed a dispossessory action in magistrate court against [MATF], but in June 2010, that action was stayed, transferred and consolidated with the injunction action, with

3

Ichthus reserving the right to move forward with the dispossessory claim and [MATF] having the right to respond to that claim. In November 2010, Ichthus dismissed the dispossessory action without prejudice, stating that it had been consolidated with the superior court action.

*Metro Atlanta Task Force for the Homeless, Inc. v. Premium Funding Solutions*, 321 Ga. App. 100 (741 SE2d 225) (2013). Ichthus subsequently defaulted on its own loan to Premium Funding, and, on February 1, 2011, executed a deed in lieu of foreclosure, thereby transferring the Property to Premium Funding. MATF subsequently filed an action against Premium Funding and multiple other defendants, asserting claims for, inter alia, quiet title, injunctive relief and damages. See id.

Premium Funding then filed a dispossessory action against MATF, which resulted in the superior court's grant of a writ of possession to Premium Funding in February 2012. In *Metro Atlanta Task Force*, supra, 321 Ga. App. at 101-102 (1), this Court reversed the grant of the writ of possession to Premium Funding, holding that MATF did not receive the required notice and trial on the issues.

Premium Funding subsequently filed a renewed request for leave to file a dispossessory action, which the trial court granted. MATF then filed an emergency motion for supersedeas and stay in the Supreme Court of Georgia. In denying

4

MATF's motion, the Supreme Court noted that, in similar circumstances, a plea in abatement has been held to lie where dispossessory proceedings are commenced while other litigation is pending between the same parties in which substantially the same questions to title, and possession of, the same land are presented. Following the Supreme Court's denial of its emergency motion, MATF filed a motion to dismiss and plea in abatement, which the trial court granted. This Court subsequently granted Premium Funding's application for interlocutory review.[2]

1. Premium Funding contends that the trial court erred in interpreting and applying the prior pending action rule because the same causes of action are not at issue in this case and the Related Cases. We disagree.

> OCGA § 9-2-5 (a) provides in relevant part: No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter. Similarly, OCGA § 9-2-44 (a) provides: A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement.

---

[2] This Court transferred Premium Funding's application to the Supreme Court of Georgia. The Supreme Court returned the application to this Court.

(Punctuation omitted.) *Sadi Holdings, LLC v. Lib Properties, Ltd.*, 293 Ga. App. 23, 24 (1) (666 SE2d 446) (2008).

> The general rule under OCGA §§ 9-2-5 (a) and 9-2-44 (a) is that when there are two lawsuits involving the same cause of action and the same parties that were filed at different times but that both remain pending in Georgia courts, the later-filed suit must be dismissed.

(Citations and punctuation omitted.) Id. at 24 (1).

> Moreover,

> [a] plea in abatement has been held good even where the causes of action are, technically speaking, legally disparate and rest in opposite parties, if they arise out of the same transaction and if the second suit would resolve the same issues as the first pending suit and would therefore be unnecessary, and consequently oppressive.

(Citations and punctuation omitted.) *Schoen v. Home Federal S & L Assn.*, 154 Ga. App. 68, 69 (267 SE2d 466) (1980). "A judgment in a prior suit adjudicating the legal or equitable title to the same land will estop a later . . . dispossessory proceeding[.]" Id. at 70. Because the Related Actions are on appeal, they are still considered to be pending. See *Sadi Holdings*, supra, 293 Ga. App. at 24-25 (1).

Here, the pendency of the Related Actions is good cause for abatement of this case because the Related Actions and this case both involve MATF's alleged rights

6

to title and possession of the same land – the Property. See *Shoen*, supra, 154 Ga. App. at 71 (dispossessory proceedings should have been abated where cause of action was title and possession of same land in both prior pending suit and dispossessory action ). Moreover, MATF has properly asserted its claims of wrongful foreclosure in the prior pending Related Actions and a decision in MATF's favor on its wrongful foreclosure claims in the Related Actions could estop the present dispossessory proceeding. See *Sadi Holdings*, supra, 293 Ga. App. at 24-25 (1); see also *Atlanta Airmotive v. Newnan-Coweta Airport Authority*, 208 Ga. App. 906, 907 (1) (432 SE2d 571) (1993) (holding that trial court erred in denying tenant's plea in abatement where favorable decision in tenant's prior pending action on its lease would bar later filed dispossessory action). Accordingly, the trial court did not err in granting MATF's plea in abatement and staying this action pending the outcome of the appeals in the Related Actions.

2. In light of our holding in Division 1, we need not reach Premium Funding's remaining enumeration of error.

*Judgment affirmed. Andrews, P. J., concurs. Branch, J., concurs in judgment only.*

7