54929. COKER et al. v. JAY HAMBIDGE ART
FOUNDATION et al.

BELL, Chief Judge.

At issue is the correctness of the grant of summary judgment to defendants on the ground that the present suit for breach of employment contract was barred by reason that it should have been asserted as a compulsory counterclaim in a prior suit between the defendant Art Foundation and the plaintiffs.

The facts are not in dispute. The earlier suit was one for injunctive relief in which defendant Foundation sought a temporary and permanent injunction against the plaintiffs (defendants there) restraining them from occupying a cottage on the Foundation premises. Immediately after the filing of the equitable action, the trial court issued an order requiring defendants (plaintiffs here) to show cause why a temporary injunction should not be issued. A hearing was held and as a result the parties entered into a consent judgment where it was agreed generally that after the lapse of thirty days, the defendants would be permanently enjoined from entry into the Foundation's premises. The consent order also contained the following: ". . . nothing herein contained shall preclude either party from pursuing against the other any legal remedy the respective parties hereto may have, if any; . . . ." This consent judgment was entered five

days after the filing of the complaint. Subsequently, the defendants failed to file any responsive pleadings. As a result a default judgment was also entered. This action then followed. *Held:*

The plaintiffs in their brief admit that their present claim was a compulsory counterclaim and under CPA § 13 (a) (Code Ann. § 81A-113 (a)) should have ordinarily been asserted in the earlier suit as it arose out of the same transaction that was the subject matter of the equitable action. However, they contend that by the language quoted from the consent order they reserved the right to bring by separate suit their claim for breach of their employment contract. The trial court construed this provision as preserving the right of plaintiffs to assert their counterclaim in the equitable suit by filing an appropriate and timely response thereto. We agree. While the consent order may have resulted in an adjudication of the main claim, it had no bearing on the parties' right to enforce any other remedy then existing and available which would include the remedy to seek damages for breach of contract. It did not expressly or impliedly provide that these plaintiffs were granted the right to bring a second suit. They were required to assert this claim in the earlier suit by a responsive pleading. As they did not, the claim was barred. *Myers v. United Serv. Auto. Assn.,* 130 Ga. App. 357 (203 SE2d 304).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

Submitted January 16, 1978 — Decided February 1, 1978.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellants.
*William A. Edwards, Jr.,* for appellees.