A90A0680. STOWERS v. GUTHRIE.
(395 SE2d 371)

CARLEY, Chief Judge.

A simplified statement of the relevant facts is as follows: Appellee filed suit against appellant, seeking damages allegedly resulting from a vehicular collision. Appellant answered, but did not file a counterclaim. Instead, appellant filed a separate action against appellee, seeking damages allegedly resulting from the same vehicular collision. Thereafter, appellant moved pursuant to OCGA § 9-11-13 (f) for leave to file an omitted counterclaim in the first action while appellee moved pursuant to OCGA § 9-2-44 for summary judgment in the second action. The trial court granted appellee's motion for summary judgment and appellant appeals.

The pendency of appellee's original suit against appellant was no basis for granting summary judgment against appellant in his subsequent suit against appellee. Rather than granting summary judgment in appellee's favor, the trial court should have dismissed appellant's subsequently filed complaint without prejudice and ruled on the mer-

its of appellant's motion for leave to file an omitted counterclaim in appellee's originally filed action. *Harbin Lumber Co. v. Fowler*, 137 Ga. App. 90, 92 (2) (222 SE2d 878) (1975). See also *Trust Co. Bank of Northwest Ga. v. Shaw*, 182 Ga. App. 165, 167 (3) (355 SE2d 99) (1987). Accordingly, the trial court's order is reversed with direction that appellant's complaint be dismissed without prejudice and that appellant's motion for leave to file an omitted counterclaim in appellee's action be considered on its merits.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1990.

*Willie J. Woodruff, Jr.*, for appellant.

*Blasingame, Burch, Garrard & Bryant, Gary B. Blasingame, Susan S. Wells, William S. Cowsert, Thomas F. Allgood, Jr., Cornwell, Church & Healy, Timothy P. Healy*, for appellee.