### A02A1995. WILSON v. HINELY et al.
(578 SE2d 254)

MILLER, Judge.

Nelson Wilson appeals from the grant of summary judgment to Brent Hinely and Charles Ashman on Wilson's claim for abusive litigation. Since Wilson failed to file his abusive litigation claim within the applicable statute of limitation, we discern no error and affirm.

The relevant facts of record reveal that following the death of Wilson's daughter, Hinely (through his attorney Ashman) filed an application for letters of administration with the probate court, claiming that he was the daughter's common-law husband. The probate court denied the application, finding that no common-law marriage existed, and Hinely appealed. This Court affirmed the denial of Hinely's application in *In re Estate of Wilson*, 236 Ga. App. 496, 499 (1) (512 SE2d 383) (1999). We issued that opinion on February 17, 1999, and no party filed a motion for reconsideration or petition for certiorari to challenge the decision. See id. at 499.

On February 18, 2000, Wilson filed a complaint for abusive litigation against Hinely and Ashman, contending that they had asserted the claim of common-law marriage maliciously and without substantial justification. Defendants moved for summary judgment, arguing that the applicable statute of limitation barred Wilson's abusive litigation claim since it had not been filed within one year of the termination of the proceedings. The trial court agreed that the action was time-barred and granted summary judgment to Hinely and Ashman. Wilson appeals.

Wilson argues that the one-year statute of limitation period for his abusive litigation claim did not begin to run until this Court issued the remittitur following its appellate decision, which would make the filing of his complaint timely. We disagree.

OCGA § 51-7-84 (b) provides that an action for abusive litigation "requires the *final termination* of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of

the date of *final termination*." (Emphasis supplied.) Since the final termination of the probate court proceedings took place when this Court issued its unchallenged opinion affirming that court's judgment on February 17, 1999, Wilson's argument is without merit.

As the Supreme Court of Georgia held in *Pearle Optical of Monroeville v. State Bd. of Examiners in Optometry*, 219 Ga. 856, 857-858 (136 SE2d 371) (1964):

> [A] judgment rendered by the trial court, reviewed and affirmed by this court . . . [is] a final judgment. . . . The judgment of affirmance [is] a final disposition of the case, even if the remittitur [is] not made the judgment of the trial court. When a final judgment of the trial court is affirmed by this court, and not remanded to the trial court for further proceedings, the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated.

(Citations omitted.) Here, the final termination of the case took place on the date that our appellate decision was rendered. No motion for reconsideration was filed. Nor was there a petition for certiorari. The February 17, 1999 decision affirming the probate court's judgment ended the case, and Wilson therefore had until February 17, 2000, to file his abusive litigation claim. Since he did not file the claim until February 18, 2000, the one-year statute of limitation barred the claim. The trial court therefore did not err by granting summary judgment to Hinely and Ashman.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 12, 2003.

*M. Francis Stubbs*, for appellant.

*Ashman, Lasky & Cooper, Charles R. Ashman, Brian E. Krapf*, for appellees.

