A08A1566. SADI HOLDINGS, LLC et al. v. LIB PROPERTIES,
LTD. et al.
(666 SE2d 446)

BLACKBURN, Presiding Judge.

In this matter arising out of a dispute over several loan agreements, Sadi Holdings, LLC and Sadi Menegolo (collectively "plaintiffs") sued Lib Properties, Ltd., Capital Mortgage Corporation, Realty Resources Corporation (collectively "Lib defendants"), and others, alleging various claims, including breach of contract, negligence, and fraud. The trial court granted the Lib defendants' motion to dismiss based on the existence of a prior pending action. Plaintiffs appeal, arguing that the trial court erred in dismissing the action with prejudice rather than staying it or dismissing it without prejudice. Discerning no error in the trial court's order dismissing plaintiffs' complaint, we affirm in part, reverse in part and remand with direction.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Punctuation omitted.) *Welch v. Ga. Dept. of Transp.*[1] The record shows that Sadi Holdings entered into several loan agreements with the Lib defendants in order to finance a real estate development plan. On January 12, 2006, as a result of a dispute regarding those loans, Sadi Holdings sued Lib Properties, Ltd., Capital Mortgage Corporation, Realty Resources Corporation, and a John Doe defendant, alleging various claims, including breach of contract, negligence, and fraud. The Lib defendants filed an answer, and on December 6, 2006, filed a motion to dismiss or, in the alternative, for summary judgment, arguing that under the company's operating agreement, Sadi Menegolo (one of the company's two managers) lacked corporate authority to unilaterally authorize and direct the filing of the lawsuit in the name of Sadi Holdings. On February 13, 2007, the trial court granted the Lib defendants' motion and dismissed Sadi Holdings's complaint without prejudice. On March 7, 2007, Sadi Holdings filed a notice of appeal of that dismissal. Its appeal was docketed on August 16, 2007, and the trial court's order was recently affirmed by this Court without opinion (Case No. A08A0017).

---

[1] *Welch v. Ga. Dept. of Transp.*, 276 Ga. App. 664 (624 SE2d 177) (2005).

On August 13, 2007, Sadi Holdings and Sadi Menegolo filed what they termed a renewal action against the Lib defendants, Mark Dagel, Kimberly Dagel, and a John Doe defendant. The renewal action was filed in the same court and alleged the same claims, with some minor additions, as Sadi Holdings's initial complaint. The Lib defendants filed an answer, and on October 1, 2007, filed a motion to dismiss pursuant to OCGA §§ 9-2-5 (a) and 9-2-44 (a), arguing that plaintiffs could not maintain this renewal action in light of the existence of the prior action, which was still pending on appeal. On February 7, 2008, the trial court granted the Lib defendants' motion and dismissed the renewal action with prejudice. This appeal followed.

1. In their sole enumeration of error, plaintiffs contend that the trial court erred in dismissing their renewal action with prejudice rather than staying it or dismissing it without prejudice. We disagree that the trial court's order was in error.

OCGA § 9-2-5 (a) provides in relevant part: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." Similarly, OCGA § 9-2-44 (a) provides:

A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement. However, if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter.

These statutes "are closely related in effect and are to be considered and applied together." *Huff v. Valentine.*[2] "The general rule under OCGA §§ 9-2-5 (a) and 9-2-44 (a) is that when there are two lawsuits involving the same cause of action and the same parties that were filed at different times but that both remain pending in Georgia courts, the later-filed suit must be dismissed." (Footnote omitted.) *Bhindi Bros. v. Patel.*[3] See *Jones v. Rich's, Inc.*[4] "Whenever a pending suit for the same cause of action has been pled, abatement is required as a matter of law." *Intl. Telecommunications Exchange Corp. v. MCI Telecommunications Corp.*;[5] see *Cale v. Cale.*[6] An action on appeal is

[2] *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) (1995).

[3] *Bhindi Bros. v. Patel*, 275 Ga. App. 143, 145-146 (619 SE2d 814) (2005).

[4] *Jones v. Rich's, Inc.*, 81 Ga. App. 841, 845 (60 SE2d 402) (1950).

[5] *Intl. Telecommunications Exchange Corp. v. MCI Telecommunications Corp.*, 214 Ga. App. 416, 417 (448 SE2d 71) (1994).

[6] *Cale v. Cale*, 160 Ga. App. 434, 436 (287 SE2d 362) (1981).

still considered to be pending until such time as the judgment of the trial court is disposed of. See *Wilson v. Hinely*.[7]

Here, Sadi Holdings and Sadi Menegolo have filed a second lawsuit against the Lib defendants in the same court, alleging causes of action that are nearly identical to those alleged in Sadi Holdings's initial action despite the fact that the initial action is still pending. Plaintiffs acknowledge that the second lawsuit is nearly identical to the pending one in that they have identified it as a renewal action. Regardless, minor differences between the two complaints do not controvert the fact that they both involve the exact same subject matter. See *Jones*, supra, 81 Ga. App. at 846. In addition, although the second lawsuit adds Mark and Kimberly Dagel as defendants,[8] the addition of new defendants does not render the dismissal of the Lib defendants, who are parties to both actions, erroneous under OCGA §§ 9-2-5 (a) and 9-2-44 (a). See *McLain Bldg. Materials v. Hicks*.[9]

Furthermore, plaintiffs have presented no evidence that the initial complaint is so defective no recovery can possibly be had pursuant to it. See *Jones*, supra, 81 Ga. App. at 849. In fact, the initial complaint was dismissed only after the trial court thoroughly reviewed Sadi Holdings's operating agreement and other documents and ruled, based on its review, that Sadi Menegolo did not have the authority to unilaterally file the action on Sadi Holdings's behalf. Thus, the trial court's dismissal of the plaintiffs' renewal action pursuant to OCGA §§ 9-2-5 (a) and 9-2-44 (a) was not error. See id. at 850.

Citing *Carmack v. Oglethorpe Co.*,[10] plaintiffs argue that they were authorized to file the renewal action while the appeal of the prior case was still pending in order to avoid the possibility of missing the six-month time limit for renewal in the event that the appeal of the first case was dismissed more than six months after the trial court's dismissal. We disagree. In *Carmack*, we held that if a plaintiff attempts to appeal a dismissal without prejudice, but that appeal is dismissed because the plaintiff does not comply with the statutory requirements, the attempted appeal will not toll the statute of limitation, and the renewal action must be recommenced within six months of the trial court's dismissal. Id. at 665 (3). However, *Carmack* does not purport to diminish a trial court's power or authority to dismiss a complaint based on a prior pending action

---

[7] *Wilson v. Hinely*, 259 Ga. App. 615, 616 (578 SE2d 254) (2003).

[8] Plaintiffs note that neither Mark nor Kimberly Dagel was served prior to dismissal.

[9] *McLain Bldg. Materials v. Hicks*, 205 Ga. App. 767, 769 (1) (423 SE2d 681) (1992).

[10] *Carmack v. Oglethorpe Co.*, 117 Ga. App. 664 (161 SE2d 357) (1968).

pursuant to OCGA §§ 9-2-5 (a) and 9-2-44 (a). Such could hardly be the case given that dismissal based on a prior pending action is required as a matter of law. See *Intl. Telecommunications Exchange Corp.*, supra, 214 Ga. App. at 417. Rather, *Carmack* serves as a warning that parties who negligently pursue an appeal of a dismissal without prejudice will not be rewarded with additional time to file a renewal action.

Finally, plaintiffs argue that regardless of whether dismissal of their renewal action was proper, the trial court erred in dismissing the renewal action with prejudice. We agree.

OCGA § 9-11-41 (b) provides in relevant part:

> The effect of dismissals shall be as follows: (1) A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits; and (2) Any other dismissal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, does operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise.

Here, the trial court's order does not specify whether plaintiffs' renewal action is dismissed with or without prejudice, and thus the dismissal was with prejudice by operation of statute. However, dismissing plaintiffs' renewal action with prejudice constituted error, for

> [a] plea in abatement is one which, without disputing the justice of the plaintiff's claim, objects to the place, mode, or time of asserting it. It is interposed to stop plaintiff's action, *leaving it open to plaintiff, however, to renew the suit in another place or form, or at another time*. It should not assume to answer the action upon its merits, or deny the existence of the particular cause of action upon which the plaintiff relies.

(Punctuation omitted; emphasis supplied.) *Hose v. Jason Property Mgmt. Co. of Atlanta*.[11] See *Stowers v. Guthrie*.[12] Accordingly, we reverse the trial court's order to the extent that it dismissed the plaintiffs' renewal action with prejudice, and we direct the trial court

---

[11] *Hose v. Jason Property Mgmt. Co. of Atlanta*, 178 Ga. App. 661, 663 (344 SE2d 483) (1986).

[12] *Stowers v. Guthrie*, 196 Ga. App. 86, 86-87 (395 SE2d 371) (1990).

to amend its order to show that the dismissal is not on the merits of plaintiffs' claims and is without prejudice. See id. at 87; *Dawson v. McCart*.[13]

2. In their appellees' brief, the Lib defendants request that we impose sanctions against plaintiffs for filing a frivolous appeal pursuant to Court of Appeals Rule 15 (b). After due consideration and given our partial reversal of the trial court's dismissal order, the Lib defendants' request that we impose frivolous appeal sanctions against plaintiffs is hereby denied. See *Prince v. Esposito*.[14]

*Judgment affirmed in part and reversed in part, and case remanded with direction. Miller and Ellington, JJ., concur.*

DECIDED JULY 24, 2008.

*Knight & Green, Donald K. Knight, Jr.*, for appellants.
*Chamberlain, Hrdlicka, White, Williams & Martin, Gary S. Freed, Russell E. Owens*, for appellees.

---

[13] *Dawson v. McCart*, 169 Ga. App. 434, 435 (2) (313 SE2d 135) (1984).
[14] *Prince v. Esposito*, 278 Ga. App. 310, 314 (3) (628 SE2d 601) (2006).
[1] OCGA § 16-13-31 (e).