### A09A0632. McLEOD v. CLEMENTS.
(680 SE2d 602)

BARNES, Judge.

R. Jerry McLeod filed a complaint alleging that Stan Clements was required to supply him with water from a well located on Clements' property per a 1971 water agreement that was entered into before Clements owned the property. On July 7, 2008, Clements answered and filed a counterclaim and request for a declaratory judgment as to his obligation under the 1971 agreement regarding the water supply to McLeod. That same day, Clements filed a notice of hearing, reflecting that the declaratory judgment hearing was set for July 21, 2008. On July 18, 2008, McLeod dismissed his complaint, and on July 21, the day of the hearing, filed another essentially identical complaint.[1] McLeod apparently was not present for the hearing, after which the trial court entered an order and judgment finding that the water service agreement executed in 1971 did not

---

[1] The complaint is not in the record; however a November 11, 2008 order references and dismisses the latter complaint.

bind Clements.[2] On August 19 and September 2, McLeod filed motions to set aside the judgment, and on September 4, before the trial court ruled on the motions, he filed a notice of appeal. McLeod appeals from the declaratory judgment order terminating the water service agreement, and for the reasons that follow, we reverse.

1. McLeod first argues that he was not provided with the statutorily required 20-day notice of hearing for a declaratory judgment motion per OCGA § 9-4-5, which provides that an action seeking a declaratory judgment "may be tried at any time designated by the court not earlier than 20 days after the service [of the action], unless the parties consent in writing to an earlier trial." Here, Clements' action was served on July 7, and the hearing was held on July 21, 14 days later. There is no evidence to suggest that McLeod consented in writing to an early trial, and thus the superior court was not authorized to make an early ruling on any declaratory judgment issue presented in the case. Accordingly, the trial court's order is reversed.

2. Regarding McLeod's contention that the trial court erred in granting the declaratory judgment sua sponte,

> [w]here a party seeking a declaratory judgment contends that he is entitled to judgment based on the facts or allegations currently of record, he may move for judgment on the pleadings pursuant to OCGA § 9-11-12 (c) or for summary judgment pursuant to OCGA § 9-11-56 (a). Under either procedure, the opposing party would, of course, be entitled to an opportunity to respond. There is no procedure pursuant to which the trial court may simply grant a complaint for declaratory judgment sua sponte, without affording the opposing party notice or an opportunity to be heard.

*Smith v. Ticor Title Ins. Co. &c.*, 200 Ga. App. 534, 535 (1) (408 SE2d 833) (1991).

3. In view of this ruling, it is unnecessary to address McLeod's remaining enumerations.

*Judgment reversed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 25, 2009.

R. Jerry McLeod, *pro se*.

---

[2] The transcript of the hearing was not included with the record.