### A09A1256. McLEOD v. CLEMENTS.
(684 SE2d 671)

BARNES, Judge.

This is the second appearance of these parties in this Court. In the first, *McLeod v. Clements*, 298 Ga. App. 553 (680 SE2d 602) (2009) ("*McLeod I*"), we reversed the trial court's grant of a declaratory judgment to Stan Clements after finding that R. Jerry McLeod was not provided with the statutorily required 20-day notice of hearing per OCGA § 9-4-5.

Here, McLeod, pro se, appeals from the order of the trial court dismissing his complaint with prejudice and ordering the award of attorney fees to Stan Clements. Following our review, we vacate the dismissal of McLeod's complaint.

This appeal involves a continuing dispute between landowners McLeod and Clements regarding McLeod's entitlement to well water supplied by a well on Clements' property per an agreement between previous owners of the properties. The relevant facts established in *McLeod I* show that

Jerry McLeod filed a complaint [CV-287] alleging that Stan

> Clements was required to supply him with water from a well located on Clements' property per a 1971 water agreement that was entered into before Clements owned the property. On July 7, 2008, Clements answered and filed a counterclaim and request for a declaratory judgment as to his obligation under the 1971 agreement regarding the water supply to McLeod. That same day, Clements filed a notice of hearing, reflecting that the declaratory judgment hearing was set for July 21, 2008. On July 18, 2008, McLeod dismissed his complaint, and on July 21, the day of the hearing, filed another essentially identical complaint [CV-331]. McLeod apparently was not present for the hearing, after which the trial court entered an order and judgment finding that the water service agreement executed in 1971 did not bind Clements. On August 19 and September 2, McLeod filed motions to set aside the judgment, and on September 4, before the trial court ruled on the motions, he filed a notice of appeal.

Id.

Clements moved to consolidate the cases, strike the motion to set aside, and for attorney fees. In its November 11, 2008 order the trial court did not rule on McLeod's motions related to CV-287, the first complaint, because McLeod filed the notice of appeal before receiving a ruling. It, however, dismissed the second action, CV-331, finding that "the issues presented in [CV-331] have been formerly adjudicated in civil action file number [CV-287]," and also granted Clements attorney fees of $1,200. McLeod subsequently filed a second notice of appeal related to the dismissal of CV-331.

As noted above, in *McLeod I* this Court reversed the trial court's grant of a declaratory judgment to Clements after finding that the trial court failed to provide the statutorily required 20-day notice of hearing per OCGA § 9-4-5. Here, because the hearing in CV-287 purporting to litigate the issues raised in CV-331 was a nullity, there was no legitimate litigation of the issues in the first action, and thus, the claims raised in the second action were not barred by res judicata. Likewise, the trial court's award of attorney fees to Clements was error. The trial court awarded attorney fees because it found that McLeod acted with "wanton disregard of the judicial process" by filing the second action after receiving an adverse ruling in the first action. The award of attorney fees in this action was not proper given the flawed judicial process of the first action.

Accordingly, the trial court erred by dismissing the complaint in this case solely because the issues were ruled upon in the prior case. Therefore, the judgment in this case is vacated and the case is

remanded for further proceedings.

*Judgment vacated and case remanded with direction. Miller, C. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 21, 2009.

R. Jerry McLeod, *pro se.*
Stephen R. Sullivan, for appellee.