## A10A1376. RANSOM v. HOLMAN et al.

(699 SE2d 849)

BLACKBURN, Senior Appellate Judge.

Rayfield Ransom, acting pro se, appeals the trial court's dismissal of his claims seeking to cancel deeds held by James and Grady Holman, which he alleges were obtained fraudulently. For the reasons set forth below, we affirm in part, vacate in part, and remand with direction.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Punctuation omitted.) *Sadi Holdings, LLC v. Lib Properties, Ltd.*[1] The record shows that in June 2002, Ransom commenced an action to partition land that he held as tenant-in-common with James Holman. Because James Holman had received the property from his uncle, Grady Holman, Ransom named Grady Holman as a defendant in the action as well.

In March 2003, Ransom amended the partition action against the Holmans, adding an allegation that Grady Holman had fraudulently obtained title to the property and seeking to invalidate the relevant deeds. After holding a hearing on the matter, the trial court ordered an equitable partitioning, appointed a receiver to take charge of the property, dismissed Grady Holman on the grounds that all of his property interest had been transferred to his nephew James, and reserved for later determination the parties' respective interests in the property, including the allegation of fraud. Ransom appealed to the Supreme Court of Georgia, which upheld the trial court's ruling. *Ransom v. Holman.*[2]

In September 2007, while the original action was still pending, Ransom filed a second claim against both James and Grady Holman, alleging once again that the Holmans had fraudulently obtained title to the property and seeking once again to cancel the relevant deeds. In December 2009, the trial court dismissed Ransom's second action on the grounds that his complaint failed to state a claim, that his claims were barred by the statute of limitation and res judicata, and that he was estopped from pleading the same cause of action while his prior action was still pending. Ransom appealed the trial court's order to the Supreme Court of Georgia, which transferred the matter to this Court for our review.

In his appeal, Ransom contends that the trial court committed numerous errors in dismissing his claims. We agree with the trial court's ruling insofar as it dismissed Ransom's claims because of the

---

[1] *Sadi Holdings, LLC v. Lib Properties, Ltd.*, 293 Ga. App. 23, 23 (666 SE2d 446) (2008).

[2] *Ransom v. Holman*, 279 Ga. 63, 64-65 (608 SE2d 600) (2005).

pendency of a former action. However, we find that the trial court erred in dismissing Ransom's claims with prejudice.

OCGA § 9-2-5 (a) states that "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." OCGA § 9-2-44 (a) similarly provides:

> A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement. However, if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter.

The general rule under OCGA §§ 9-2-5 (a) and 9-2-44 (a) is that when two lawsuits involve the same cause of action and the same parties and were filed at different times but both remain pending in Georgia courts, the later-filed suit must be dismissed. *Bhindi Bros. v. Patel*.[3] "Whenever a pending suit for the same cause of action has been pled, abatement is required as a matter of law." *Intl. Telecommunications Exchange Corp. v. MCI Telecommunications Corp.*[4] See *Cale v. Cale*.[5]

Here, Ransom filed a second lawsuit against the Holmans in the same court, alleging the same cause of action for fraud that he alleged in the original action, despite the fact that the original action was still pending. Furthermore, Ransom presented no evidence or argument that the initial complaint was so defective no recovery could possibly be had pursuant to it. See *Jones v. Rich's, Inc.*[6] Thus, the trial court's dismissal of Ransom's action on the ground that his former and nearly identical action was still pending was proper and indeed required. See *Sadi Holdings, LLC*, supra, 293 Ga. App. at 25 (1).

However, the trial court erred in dismissing Ransom's claims with prejudice. OCGA § 9-11-41 (b) provides in relevant part:

> The effect of dismissals shall be as follows: (1) A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits; and (2) Any other dis-

---

[3] *Bhindi Bros. v. Patel*, 275 Ga. App. 143, 145-146 (619 SE2d 814) (2005).

[4] *Intl. Telecommunications Exchange Corp. v. MCI Telecommunications Corp.*, 214 Ga. App. 416, 417 (448 SE2d 71) (1994).

[5] *Cale v. Cale*, 160 Ga. App. 434, 436 (287 SE2d 362) (1981).

[6] *Jones v. Rich's, Inc.*, 81 Ga. App. 841, 845 (60 SE2d 402) (1950).

missal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, does operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise.

In this matter, the trial court's order did not specify whether Ransom's second action was dismissed with or without prejudice, and therefore the dismissal was with prejudice by operation of statute. See *Sadi Holdings, LLC*, supra, 293 Ga. App. at 26 (1). However, dismissing Ransom's action with prejudice constituted error, for

a plea in abatement is one which, without disputing the justice of the plaintiff's claim, objects to the place, mode, or time of asserting it. It is interposed to stop the plaintiff's action, leaving it open to the plaintiff, however, to renew the suit in another place or form, or at another time. It should not assume to answer the action upon its merits, or deny the existence of the particular cause of action upon which the plaintiff relies.

(Punctuation and emphasis omitted.) Id. See *Stowers v. Guthrie.*[7]

Here, once the trial court dismissed Ransom's action based on the pending former action, it should not have also addressed the action on the merits as it did in the remainder of its order. See id. Such should be addressed by the court in the prior pending action. Id. Accordingly, we vacate the trial court's order to the extent that it dismissed Ransom's action with prejudice, and we remand the case to the trial court with directions to amend its order consistent with this opinion.[8] See *Sadi Holdings, LLC*, supra, 293 Ga. App. at 26-27 (1); *Stowers*, supra, 196 Ga. App. at 87.

*Judgment affirmed in part, vacated in part, and case remanded with direction. Barnes, P. J., and Smith, P. J., concur.*

DECIDED AUGUST 5, 2010 — ■■■■■■

Rayfield Ransom, *pro se.*

---

[7] *Stowers v. Guthrie*, 196 Ga. App. 86, 86-87 (395 SE2d 371) (1990).

[8] We note that while this appeal was pending, appellees filed a suggestion of death of appellee Grady Holman, Jr. Nothing in this opinion should be construed to affect the rights of Grady Holman, Jr.'s heirs and estate.