## A10A1543. McLEOD v. CLEMENTS.
(702 SE2d 638)

McMURRAY, Senior Appellate Judge.

R. Jerry McLeod appeals from the trial court's order declining to consider his motion for a temporary restraining order ("TRO") and injunctive relief and his motion to set aside the judgment.[1] Because

---

[10] *Craig v. State*, 192 Ga. App. 148, 149 (384 SE2d 240) (1989).

[1] A direct appeal lies from "[a]ll judgments or orders . . . refusing applications for . . . interlocutory or final injunctions[.]" OCGA 5-6-34 (a) (4).

the trial court properly concluded that it had been divested of jurisdiction to entertain the two motions, we affirm.

This case involves an ongoing dispute between two landowners, McLeod and Stan Clements, over the right to water from a well located on Clements's property.[2] Proceeding pro se, McLeod filed a complaint (Civil Action No. 08-CV-287) alleging that Clements was required to supply him with well water based upon a water agreement executed in 1971. Clements answered and filed a counterclaim and request for declaratory judgment regarding his obligations under the 1971 water agreement. During the course of the ensuing litigation, McLeod filed two additional civil actions against Clements (Civil Action Nos. 08-CV-331 and 09-CV-348), which raised essentially the same claims and arguments as the original civil action.

On August 17, 2009, the trial court conducted a new hearing on Clements's request for a declaratory judgment.[3] Following the hearing, on September 1, 2009, the trial court entered an order and judgment declaring that Clements had no contractual obligation to supply well water or access to the well system to McLeod. Based upon this ruling, the trial court also dismissed with prejudice McLeod's claims in the three related civil actions. Additionally, the trial court awarded attorney fees in favor of Clements.

On September 29, 2009, McLeod filed a motion to set aside the September 1 judgment as void for lack of personal and subject matter jurisdiction. On that same date, however, McLeod also filed a notice of appeal from the September 1 judgment.[4] Then, on October 23, 2009, McLeod moved for the trial court to enter a TRO and injunction requiring Clements to supply him with well water under the 1971 water agreement.

On November 5, 2009, the trial court entered an order declining to consider McLeod's two motions. The trial court found that McLeod's filing of the notice of appeal on September 29 had divested the court of jurisdiction. McLeod now appeals from the November 5 order, contending that the trial court should have substantively addressed his motions and granted them.

---

[2] This is the third appearance of this case before us. See *McLeod v. Clements*, 300 Ga. App. 133 (684 SE2d 671) (2009); *McLeod v. Clements*, 298 Ga. App. 553 (680 SE2d 602) (2009). The convoluted procedural history of this case is detailed in the two prior appeals.

[3] We reversed a prior ruling by the trial court on Clements's request for a declaratory judgment for failure to provide McLeod with proper notice and an opportunity to be heard. See *McLeod*, 298 Ga. App. at 554 (1), (2).

[4] McLeod's separate appeal of the September 1 judgment was recently docketed on September 9, 2010 and has been assigned Case No. A11A0123. The briefing in Case No. A11A0123 has not been completed. We express no opinion concerning the propriety of the September 1 judgment.

1. As an initial matter, we note that in addition to his appellate brief addressing the trial court's November 5 order, McLeod on the same day filed an entirely separate brief, which is over 20 pages in length, addressing other purported errors committed by the trial court during this litigation. Under Court of Appeals Rule 24 (a), "[b]riefs shall be limited to an initial appellant's brief, a responding appellee's brief, and a reply brief of the appellant. Other briefs shall be accepted only if filed as an Amicus Curiae brief or a supplemental brief." Moreover, "[s]upplemental briefs may be filed only by leave of the Court." Court of Appeals Rule 27 (a). McLeod neither requested nor received permission from this Court to file his additional brief, and we decline to consider the brief or the errors alleged therein in this appeal.

2. Turning to the November 5 order, we conclude that the trial court correctly determined that it had no jurisdiction to rule on McLeod's motion for a TRO and injunctive relief and his motion to set aside the September 1 judgment. A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending. See OCGA § 5-6-46 (a); *Grant v. State*, 304 Ga. App. 133, 137-138 (2) (695 SE2d 420) (2010); *Long v. Long*, 303 Ga. App. 215, 217, n. 2 (692 SE2d 811) (2010); *Fortson v. Hotard*, 299 Ga. App. 800, 804 (3) (684 SE2d 18) (2009); *Bishop v. Typo-Repro Svcs.*, 188 Ga. App. 581 (373 SE2d 762) (1988). Accordingly, McLeod's September 29 notice of appeal divested the trial court of jurisdiction to supplement, amend, alter, or modify the September 1 judgment while the appeal remained pending before this Court. And, it is clear that McLeod's two motions, if granted, would have required that the September 1 judgment be modified in part or set aside in its entirety. The trial court, therefore, committed no error in declining for lack of jurisdiction to rule upon the motions. See id.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 16, 2010 —
RECONSIDERATION DENIED OCTOBER 6, 2010.

R. Jerry McLeod, *pro se.*
*Stephen R. Sullivan*, for appellee.