# A11A0123. McLEOD v. CLEMENTS.

(712 SE2d 627)

DILLARD, Judge.

R. Jerry McLeod, appearing pro se, appeals from the trial court's order granting Stan Clements's motion for declaratory judgment and dismissing McLeod's two (and nearly identical) actions against Clements with prejudice. For the reasons set forth infra, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

This ongoing dispute, now making its fourth appearance before this Court,[1] concerns McLeod's claim of entitlement to water supplied by a well on Clements's property pursuant to an agreement between previous owners of their respective properties. Specifically, McLeod filed a complaint against Clements ("First Lawsuit"), alleging that Clements was required to supply him with water from a well located on Clements's property pursuant to a 1971 water agreement executed prior to Clements's ownership of that property. Clements answered this complaint and filed a counterclaim requesting a declaratory judgment as to his obligation under the 1971 agreement. That same day, Clements filed a notice of hearing, reflecting that the declaratory-judgment hearing was scheduled for July 21, 2008. On July 18, 2008, McLeod allegedly dismissed the First Lawsuit, and on July 21, 2008 (the day of the declaratory-judgment hearing), filed another, essentially identical complaint ("Second Lawsuit").[2] McLeod apparently was not present for the hearing, after which, on August 5, 2008, the trial court entered an order and judgment finding that the 1971 water-service agreement did not bind Clements.[3] On August 19 and September 2, 2008, McLeod filed motions to set aside this judgment, but on September 4, 2008, before the trial court could rule on those motions, he filed a notice of appeal of the August 5, 2008 order.[4]

While that appeal was pending, Clements moved to consolidate the cases, to strike McLeod's motion to set aside, and to recover attorney fees.[5] In its November 11, 2008 order, the trial court did not rule on McLeod's motions related to the First Lawsuit, because McLeod filed a notice of appeal before obtaining a ruling on those matters. The trial court did, however, dismiss the Second Lawsuit,

---

[1] See McLeod v. Clements, 298 Ga. App. 553 (680 SE2d 602) (2009) (McLeod I); McLeod v. Clements, 300 Ga. App. 133 (684 SE2d 671) (2009) (McLeod II); McLeod v. Clements, 306 Ga. App. 355 (702 SE2d 638) (2010) (McLeod III).

[2] McLeod I, 298 Ga. App. at 553.

[3] Id. at 553.

[4] Id. at 554.

[5] McLeod II, 300 Ga. App. at 134.

finding that "the issues presented in [the Second Lawsuit] have been formerly adjudicated in [the First Lawsuit]," and also granted Clements attorney fees. McLeod subsequently filed a second notice of appeal related to the dismissal of the Second Lawsuit.[6]

On June 25, 2009, in *McLeod I*, this Court reversed the trial court's grant of a declaratory judgment to Clements in the First Lawsuit, after finding that the trial court failed to provide the statutorily required 20-day notice of hearing per OCGA § 9-4-5.[7] Nevertheless, while his appeal of the dismissal of the Second Lawsuit was still pending, McLeod filed yet another civil action on July 21, 2009 ("Third Lawsuit"), which, again, was essentially identical to the two previously filed actions,[8] but also sought a temporary restraining order and requested a hearing on the matter for August 10, 2009. A few days later, Clements filed a notice of hearing, requesting that a hearing be set for August 17, 2009, for the purpose of having the trial court, once again, consider his motion for declaratory judgment.

On August 10, 2009, both parties appeared in court and were informed that the matter would be continued until August 17, 2009, so that McLeod's motion for a TRO and Clements's motion for declaratory judgment could be heard simultaneously. Despite having notice of the August 17, 2009 hearing, McLeod once again failed to appear. Consequently, the trial court proceeded with the hearing in McLeod's absence, and Clements presented his evidence in the matter.[9] Following the hearing, the trial court entered an order and judgment on September 1, 2009, declaring that Clements had no contractual obligation to supply well water to McLeod and dismissing with prejudice all three of McLeod's related lawsuits. Additionally, the trial court, once again, awarded attorney fees in favor of Clements.

On September 21, 2009, this Court, in *McLeod II*, held that

> because the hearing in [the First Lawsuit] purporting to litigate the issues raised in [the Second Lawsuit] was a nullity [based on our ruling in *McLeod I*], there was no legitimate litigation of the issues in the first action, and thus, the claims raised in the second action were not barred by res judicata.[10]

---

[6] *Id.*

[7] *McLeod I*, 298 Ga. App. at 554 (1).

[8] *McLeod III*, 306 Ga. App. at 356.

[9] The transcript of the hearing was not included with the record in this appeal.

[10] *McLeod II*, 300 Ga. App. at 134.

Accordingly, we vacated the trial court's order dismissing the complaint in the Second Lawsuit and remanded the case for further proceedings.[11] Shortly thereafter, on September 29, 2009,[12] McLeod filed a notice of appeal from the trial court's September 1, 2009 judgment in the Third Lawsuit. This appeal follows.

1. McLeod contends that the trial court erred in dismissing his three lawsuits against Clements, arguing that it lacked jurisdiction over those complaints in light of the fact that his appeal of the trial court's November 11, 2008 order (*McLeod II*) was still pending when the trial court issued its September 1, 2009 order. And with regard to the First and Second Lawsuits, we agree.

It is well established that "a trial court, upon the filing of a notice of appeal, loses jurisdiction to modify or enforce a judgment which is the subject of the appeal during the period of supersedeas."[13] Thus, McLeod's December 10, 2008 notice of appeal of the trial court's November 11, 2008 order divested the trial court of jurisdiction to supplement, amend, alter, or modify that order, which purported to dismiss McLeod's complaint in the Second Lawsuit (08-CV-331) and assumed the correctness of its previous dismissal of the First Lawsuit (08-CV-287). Accordingly, we reverse that portion of the trial court's September 1, 2009 order dismissing or purporting to dismiss McLeod's First and Second Lawsuits.

2. We also agree that the trial court erred in dismissing McLeod's Third Lawsuit (09-CV-348) *with prejudice*, albeit for reasons different than those enumerated by McLeod.

OCGA § 9-2-5 (a) provides, in relevant part, that "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party," and that "[i]f two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." Additionally, under OCGA § 9-2-44 (a), "the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement." These statutes "are closely related in effect and are to be considered and

---

[11] *Id.* at 134-35.

[12] On the same day that McLeod filed the notice of appeal, he also filed a motion with the trial court to set aside the September 1, 2009 judgment. Then, on October 23, 2009, McLeod filed another motion for the trial court to enter a TRO and require Clements to supply him with well water. On November 5, 2009, the trial court entered an order declining to consider McLeod's two motions on the ground that McLeod's September 29, 2009 notice of appeal divested the trial court of jurisdiction. McLeod again appealed, and in *McLeod III*, we affirmed the trial court's order. *See McLeod III*, 306 Ga. App. at 357 (2).

[13] *Davis v. Harpagon Co., LLC*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006); *see* OCGA § 5-6-46 (a); *McLeod III*, 306 Ga. App. at 357 (2); *Fortson v. Hotard*, 299 Ga. App. 800, 804 (3) (684 SE2d 18) (2009).

applied together."[14] Indeed, "[t]he general rule under OCGA §§ 9-2-5 (a) and 9-2-44 (a) is that when there are two lawsuits involving the same cause of action and the same parties that were filed at different times but that both remain pending in Georgia courts, the later-filed suit must be dismissed."[15] In fact, "[w]henever a pending suit for the same cause of action has been pled, abatement is required as a matter of law."[16] And "[a]n action on appeal is still considered to be pending until such time as the judgment of the trial court is disposed of."[17] Nevertheless,

> a plea in abatement is one which, without disputing the justice of the plaintiff's claim, objects to the place, mode, or time of asserting it. It is interposed to stop plaintiff's action, *leaving it open to plaintiff, however, to renew the suit in another place or form, or at another time.* It should not assume to answer the action upon its merits, or deny the existence of the particular cause of action upon which the plaintiff relies.[18]

Here, McLeod filed the Third Lawsuit against the same party (Clements) that was nearly identical to his two previous lawsuits, despite the fact that those initial actions are still pending. Thus, while the trial court was authorized to dismiss McLeod's most recent complaint pursuant to OCGA §§ 9-2-5 (a) and 9-2-44 (a), it was not at liberty to do so with prejudice. Accordingly, we also reverse that portion of the trial court's September 1, 2009 order dismissing McLeod's complaint in the Third Lawsuit, and we remand the case to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 22, 2011.

R. Jerry McLeod, *pro se.*

---

[14] *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) (1995).

[15] *Sadi Holdings, LLC v. Lib Prop., Ltd.*, 293 Ga. App. 23, 24 (1) (666 SE2d 446) (2008) (citation and punctuation omitted).

[16] *Id.* (citation, punctuation and footnote omitted).

[17] *Id.* at 24-25 (1) (citation omitted).

[18] *Id.* at 26 (1) (citation and footnote omitted); *see also Ransom v. Holman*, 305 Ga. App. 533, 535 (699 SE2d 849) (2010); *Stowers v. Guthrie*, 196 Ga. App. 86, 86-87 (395 SE2d 371) (1990).