**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 26, 2012

# In the Court of Appeals of Georgia

A12A0256. METRO BROKERS, INC. v. SAMS & COLE, LLC et al.

PHIPPS, Presiding Judge.

In the State Court of Fulton County, Metro Brokers, Inc. filed suit against Sams & Cole, LLC and Steven W. Cole (collectively S&C), to recover rent payments after S&C allegedly defaulted on a lease agreement. S&C filed a motion to dismiss the suit because of a prior suit Sams & Cole had filed against Metro Brokers and other parties, which was still pending in the Superior Court of Fulton County. The trial court granted S&C's motion and dismissed the case. Metro Brokers appeals.

Metro Brokers contends that the trial court erred in dismissing the suit: (1) on a ground S&C did not allege in its motion and, in any event, because the record did not support the stated basis of dismissal; (2) because dismissal would not have been

authorized on the ground alleged by S&C in its motion; and (3) against Cole because he was not a party in the superior court case. For the reasons that follow, we reverse the trial court's dismissal of the suit against Cole, and we affirm the dismissal of the suit against Sams & Cole.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review."[1] The record shows that on November 17, 2010, Metro Brokers filed a verified complaint, alleging that S&C was in default on a lease agreement and asserting joint and several liability for breach of the contract for unpaid rent. Metro Brokers attached as an exhibit to its complaint a copy of an agreement which showed that on February 8, 2008, Sams & Cole contracted with Metro Brokers to sublease office space on the third floor of a building located on Glenridge Drive. Cole signed the agreement and guaranty on behalf of Sams & Cole. The lease set forth an expiration date of April 30, 2012. Metro Brokers alleged that the last month for which Sams & Cole had paid rent was April 2010.

On December 16, 2010, S&C filed a verified answer (and defenses), claiming, among other things, that Metro Brokers' suit was barred "and abated . . . because

---

[1] *Sadi Holdings v. Lib Properties*, 293 Ga. App. 23 (666 SE2d 446) (2008) (citation and footnote omitted).

2

there is a prior pending action between the parties for the same cause of action pending in the Superior Court of Fulton County. . . . by [Metro Brokers'] prior breach of any lease between [Metro Brokers] and [Sams & Cole] . . . as a result of the set-off of [Metro Brokers'] and [Sams & Cole]'s mutual accounts." S&C simultaneously filed a motion to dismiss and attached a copy of the complaint for damages and equitable relief Sams & Cole had filed against Metro Brokers and other parties in superior court.

In the superior court complaint which had been filed on June 22, 2010, and in an amendment thereto filed on August 26, 2010, Sams & Cole sought damages for the actions of Metro Brokers and other defendants in allegedly taking over a corporate entity jointly owned by the parties. Sams & Cole asserted that the nature of its relationship with Metro Brokers and the other defendants was that Sams & Cole (a law firm) "served as the provider of real estate closing services for Metro Brokers and its affiliated entities," including the corporate entity jointly owned by the parties.

Concerning the lease agreement, Sams & Cole stated the following in the superior court complaint and amended complaint:

3

"Defendants . . . have conspired to deprive [Sams & Cole] access to its Glenridge offices and its open and pending closing files, as well as all of [Sams & Cole's] personal property located there."[2]

"As a result of the Defendants' joint and several actions, the Defendants have deprived [Sams & Cole] of its revenue . . . thereby impairing [Sams & Cole]'s ability to maintain its lease obligation to Metro Brokers relating to its offices located on the third floor of the Glenridge location. Meanwhile, Metro Brokers has initiated threats to disrupt [Sams & Cole]'s leasehold of its third floor offices, including its email and internet access."[3]

"[Sams & Cole] [is] entitled to temporary and permanent injunctive relief . . . (4) enjoining and restraining Defendant Metro Broker[s] from instituting any action adverse to its interests until such time as there is a determination of the respective rights and responsibilities of the parties to the lease of [Sams & Cole]'s offices at the Glenridge location."[4]

Metro Brokers responded to S&C's motion to dismiss and attached as exhibits copies of documents to support its opposition to dismissal. Both sides filed additional responses. A hearing was held, and the trial court took the matter under advisement.

---

[2] Complaint, Paragraph 14.

[3] Complaint, Paragraph 18.

[4] Amendment to Complaint, Paragraph 1 (52).

The trial court, in its order granting the motion to dismiss, found that:

the claims brought by [Sams & Cole] in the Superior Court suit relate both to the Purchase and Sale Agreement[5] and, as specifically alleged in Paragraphs 14 and 18 of the Superior Court Complaint, the obligations of the parties with respect to the premises at the Glenridge offices. . . . Therefore, Metro Broker's claims in the State Court suit are compulsory counterclaims as against [Sams & Cole], which Metro Brokers is required to raise in the Superior Court suit.

1. Metro Brokers contends that the trial court erred in granting S&C's motion to dismiss the case because the dismissal was based on a ground S&C did not raise in its motion, and that, in any event, the basis upon which the case was dismissed was not supported by the record. We disagree with these contentions.

(a) Specifically, Metro Brokers contends that the trial court erred in dismissing the case on the ground that its claim should have been asserted as a compulsory counterclaim in the prior pending superior court suit, because S&C did not allege that ground in its motion.

---

[5] According to the superior court complaint filed by Sams & Cole, the Purchase and Sale Agreement concerned the business once owned by both Metro Brokers and Sams & Cole.

The record shows that in S&C's replies to responses from Metro Brokers, S&C asserted in the trial court that Metro Brokers' claim for unpaid rent in this suit should have been pleaded as a compulsory counterclaim in the prior pending superior court suit. Thus, Metro Brokers' contention in this regard fails.

(b) We now turn to Metro Brokers' contention that its claim for unpaid rent did not meet the requirements of a compulsory counterclaim that should have been asserted in the prior pending superior court suit.

> This Court has given clear guidelines for determining whether a claim qualifies as a compulsory counterclaim: If a claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, such claim must be asserted as a compulsory counterclaim. The broad test to be applied in determining whether a counterclaim is compulsory is whether a logical relationship exists between the respective claims asserted by the opposing parties. In making this determination, we look to see whether judicial economy and fairness dictate that all the issues be resolved in one lawsuit. A logical relationship arises when (1) the same aggregate or operative facts serve as the basis for both claims, or (2) the case facts supporting the original claim activate legal rights of the defendant that would otherwise remain dormant.[6]

---

[6] *Steve A. Martin Agency v. Plantersfirst Co.*, 297 Ga. App. 780, 782 (2) (678 SE2d 186) (2009) (footnotes omitted); OCGA § 9-11-13.

6

"A party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action."[7] If the prior action is still pending, the trial court could, absent a showing of a balance of convenience in favor of the second action, dismiss the claim without prejudice, and the plaintiff may seek to raise the omitted counterclaim in the prior action.[8] "The key phrase is that the claim 'arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim.' Cause of action has no express bearing on the issue."[9] In *Coker v. Jay Hambridge Art Foundation*,[10] we held that a suit for breach of contract was barred because it should have been asserted as a compulsory counterclaim in a prior suit for injunctive relief between the parties where the claims arose out of the same transaction.[11]

[7] *Trust Co. Bank of Northwest Ga. v. Shaw*, 182 Ga. App. 165, 166-167 (2) (355 SE2d 99) (1987) (citation, punctuation, and emphasis omitted).

[8] See *Stowers v. Guthrie*, 196 Ga. App. 86, 86-87 (395 SE2d 371) (1990); *Harbin Lumber Co. v. Fowler*, 137 Ga. App. 90, 93-94 (2) (222 SE2d 878) (1975).

[9] *Harbin Lumber Co.*, supra at 92 (2) (punctuation omitted).

[10] 144 Ga. App. 660 (242 SE2d 323) (1978).

[11] Id. at 660-661; see *Cook & Co. v. Cross*, 226 Ga. 449 (1) (175 SE2d 506) (1970) (where landowner brought an action against individuals for damages and for

Metro Brokers asserts that "the operative facts underlying the Superior Court action all relate to" another matter concerning the parties' business relationship and "have nothing to do with the Lease or Guaranty. . . . [And] there are no claims seeking an adjudication of the parties' rights under the Lease or Guaranty in the Superior Court action." But the pertinent portions of the superior court complaint and amendment to the complaint, which were filed before S&C's motion to dismiss was filed in the state court case, show that the same aggregate or operative facts served as the basis for both claims.[12]

Sams & Cole, in the superior court complaint, prayed for damages and specifically alleged that Metro Brokers (and other defendants) conspired to deprive it of access to its offices, impaired its ability to maintain its lease obligation, and threatened to disrupt email and internet access of the leasehold; in the amendment to the complaint, Sams & Cole prayed for injunctive relief to enjoin and restrain Metro Brokers from instituting any action adverse to its interests until such time as there was a determination of the parties' rights and responsibilities under the lease.

_____

injunction against trespass on certain real property of the landowner, individuals filed compulsory counterclaim for trespass and injunction, asserting title to other real property).

[12] See generally *Steve A. Martin Agency*, supra.

8

In its verified answer to the state court complaint filed by Metro Brokers, S&C alleged as defenses that the claim was barred because, among other things, Metro Brokers had breached the lease agreement and S&C was entitled to set-offs from the mutual accounts of the parties. According to the allegations of Metro Brokers' complaint, at the time Sams & Cole filed suit in superior court, Sams & Cole was in default on the lease. Thus, despite Metro Brokers' assertion to the contrary, the counterclaim had accrued and could have been asserted in the superior court case.

Given these facts, the trial court did not err in finding that Metro Brokers' claim for unpaid rent arose from the same transaction or occurrence as that giving rise to the prior pending superior court action and that thus, Metro Brokers was required to assert its claim in the superior court action.[13]

2. Metro Brokers contends that, had the trial court granted S&C's motion to dismiss on the ground of the prior pending action rule,[14] the dismissal would not have

---

[13] *Coker*, supra; *Cook & Co.*, supra.

[14] See OCGA §§ 9-2-5 (regarding the prosecution of two simultaneous actions for the same cause against the same party); 9-2-44 (regarding the effect of a former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction as being a good cause of abatement).

been authorized. But since the trial court did not rule on the prior pending action rule issue, we cannot here decide that issue.[15]

3. Metro Brokers contends that the trial court erred in dismissing the suit against Cole because Cole was not a party in the superior court suit. We agree.

At the time of the judgment in this case, Cole was not a party to the prior pending superior court action and thus, there could have been no adjudication on the merits in the prior proceeding regarding him.[16] Therefore, this subsequently-filed action against Cole was not barred.[17] Accordingly, the trial court erred in dismissing the suit against Cole.[18]

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Dillard, J., concur.*

---

[15] *Unified Govt. v. Stiles Apartments*, _ Ga. _ (_ SE2d _) (2) (Case No. S12A0304, decided March 19, 2012); *Covington v. Johnson*, 284 Ga. 426 (667 SE2d 618) (2008); *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002); *Partain v. Maddox*, 227 Ga. 623, 636 (3) (b) (182 SE2d 450) (1971).

[16] See *Aycock v. Calk*, 228 Ga. App. 172, 175-176 (491 SE2d 383) (1997).

[17] Id.

[18] Id.