NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AJEENAH CRITTENDON; EZ E-FILE
TAX PREPARERS, INC., a California
corporation,

No.    23-16205

D.C. No. 3:22-cv-09153-RS

Plaintiffs-Appellants,

MEMORANDUM*

v.

ANGELICA MULDROW, AKA Angelica
Ivana,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted August 20, 2024
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and LASNIK,** District Judge.

EZ E-File Tax Preparers, Inc. (EZ), and its CEO, Ajeenah Crittendon

(collectively, "Crittendon"), appeal the district court's dismissal of their claims

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

against Crittendon's niece, Angelica Muldrow, for defamation and the filing of false police reports. The district court concluded that this lawsuit was barred by res judicata on account of a prior lawsuit filed by Muldrow in Georgia alleging that Crittendon and EZ had issued Muldrow certain fraudulent tax forms. *See Muldrow v. EZ E-File Tax Preparers, Inc.*, 2022 WL 2349204 (N.D. Ga. Mar. 22, 2022). In the district court's view, Crittendon either could have raised or did raise her current claims as compulsory counterclaims in the Georgia case.

We review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Pardini v. Unilever U.S., Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023). We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's decision dismissing Crittendon's claims, except as to Muldrow's acts that occurred after the Georgia court issued its judgment. As to the latter, we reverse.

1. We agree with the district court that the Georgia lawsuit precludes Crittendon's defamation and false reporting claims premised on conduct that occurred before the Georgia court issued its judgment, because these claims were compulsory counterclaims in the prior lawsuit. Under Georgia law, "there are three requirements which must be satisfied in order for res judicata to apply: there must be identity of the cause of action, identity of the parties or their privies, and previous adjudication on the merits by a court of competent jurisdiction." *Bostick v. CMM Props., Inc.*, 772 S.E.2d 671, 673 (Ga. 2015); *see also Daewoo Elecs. Am. Inc. v.*

2

*Opta Corp.*, 875 F.3d 1241, 1244 (9th Cir. 2017) (explaining that a federal court assessing the preclusive effect of a judgment rendered by another federal court sitting in diversity "must apply preclusion principles according to the law of the initial court's state").

Crittendon does not dispute that the two lawsuits involve the same parties. We further agree with the district court that the "same claim" requirement is satisfied (except insofar as the claims are premised on Muldrow's conduct occurring after the Georgia decision, which we discuss below). Although the Georgia lawsuit related to Muldrow's tax fraud claim, the "same claim" requirement is met if Crittendon either (1) actually raised her defamation and false reporting claims in the Georgia lawsuit, or (2) should have raised them then as compulsory counterclaims. *See, e.g.*, *Setlock v. Setlock*, 688 S.E.2d 346, 385–86 (Ga. 2010).

Here, Crittendon did raise, and should have raised, her then-existing claims against Muldrow in the prior Georgia lawsuit. Crittendon's answer in the Georgia case generally alleged that Muldrow committed the same acts for which she now seeks relief in this case. Further, based on the answer, Crittendon herself understood the tax returns as inherently related to her allegations that Muldrow had previously made false statements about her. Indeed, and among other things, in the Georgia answer Crittendon requested a "Motion to Demand – Plaintiff Muldrow to remove the Harassing, Malicious, Defaming Facebook & Google Posts against Defendants."

3

In substance, these are the same claims she advances here.

Crittendon's answer thus itself demonstrates "a logical relationship . . . between the respective claims asserted by the opposing parties." *Metro Brokers, Inc. v. Sams & Cole, LLC*, 729 S.E.2d 540, 543 (Ga. Ct. App. 2012) (quoting *Steve A. Martin Agency, Inc. v. PlantersFIRST Corp.*, 678 S.E.2d 186, 188 (Ga. Ct. App. 2009)). Under these circumstances, we agree with the district court that even if the Georgia answer did not sufficiently raise the defamation and false reporting claims as counterclaims, they were compulsory counterclaims that are now precluded. *See* OCGA § 9-11-13(a) (indicating that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim").

The third requirement for res judicata under Georgia law is likewise met because the Georgia decision operated as an "adjudication on the merits" for all claims that were actually at issue or that "'*might have been* put in issue,'" including the counterclaims as discussed above. *See Starship Enters. of Atlanta, Inc. v. Gwinnett County*, 903 S.E.2d 55, 62–63 (Ga. 2024) (quoting OCGA § 9-12-40). Crittendon has waived any argument that the Georgia court was not competent to adjudicate these claims by failing to raise this issue below. *See United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012) (issues not raised below are waived). Finally, we reject Crittendon's arguments that any policy-based concerns justify not

4

applying res judicata here.

2. We disagree with the district court that the same reasoning applies to Crittendon's claims premised on Muldrow's conduct that occurred on or after April 2022, which was after the district court in Georgia issued its decision. Under Georgia law, res judicata does not apply to a claim "where the merits were not *and could not have been determined under a proper presentation and management of the case . . .*" *Piedmont Cotton Mills, Inc. v. Woelper*, 498 S.E.2d 255, 256 (Ga. 1998); *see also Bigley v. Mosser*, 509 S.E.2d 406, 408 (Ga. Ct. App. 1998) (holding that libel claims were not precluded by a prior libel lawsuit where the subsequent claims were "based upon a different statement, made at a different time and in a different publication"). Muldrow offers no substantive response to this point, nor does she identify any authority that required Crittendon to seek further relief from the Georgia court after March 2022. We therefore reverse the district court's dismissal of Crittendon's claims to the extent they are premised on Muldrow's April 2022 actions or any other actions after March 2022.

3. We reject Crittendon's argument that Muldrow's motion to dismiss was untimely under Federal Rule of Civil Procedure 12. That Muldrow had previously moved to strike a prior version of the complaint does not render untimely her subsequent Rule 12 motion with respect to a new complaint.

4. The lawsuits between these parties appear to be part of a broader familial

5

dispute over the care of a relative. At oral argument, counsel indicated that the parties' animosity toward each other may impede the resolution of this case. The parties are cautioned that the federal courts are not the forum for litigating personal grievances that do not involve meritorious claims for legal relief. Unending litigation for litigation's sake is not a proper use of judicial resources. The district court has ample discretion to ensure that the parties abide by court rules and to encourage the prompt resolution of the remaining claims.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**[1]

---

[1] The parties shall bear their own costs on appeal.